The opinion of the court was delivered by
Nicholes, O. J.
Relator avers that on or about 23d of September, 1892, E. Gray, an inspecting officer of the Board of Health, assigned to duty in the city of New Orleans, made affidavit against him before the Hon. E. S. Whitaker, Recorder of the First Recorder’s Court of New Orleans, complaining that relator had violated Ordinance No. 6596 of the city of New Orleans, approved August 4, 1892, by refusing to furnish upon demand a sample of the milk contained in the cans carried by relator in his wagon as a dairyman, and praying for his arrest and punishment for the said reason.
That relator was accordingly arrested and held to bail, and finally on the 24th May, 1893, relator was put upon his trial before said recorder on said charge, and thereupon adjudged to pay a fine of $25, and in default of payment to. be imprisoned in the parish prison of the city of New Orleans for thirty days.
Relator avers that he did refuse to furnish the said health officer *1300 with the required half pint of milk or sample, but not at all because the said milk was impure or adulterated; that said milk was not impure or adulterated, but on .the contrary the same was equal in point of quality in all respects to the standard required by the laws of the State and the ordinances of the city of New Orleans, but that said refusal was based upon other considerations entirely, and had for its object to insist upon and to maintain his rights and privileges of liberty and property secured and guaranteed to him by the Constitution of the State of Louisiana and of the United States, and in the sincere belief that the provisions and requirements of the said city ordinance were in direct violation thereof, as he was advised and informed was really the truth and could be maintained.
Relator avers that said ordinance imposes a fine, penalty and forfeiture for such refusal aforesaid, and that said portion of the ordinance in question is unconstitutional, null and void for manifold reasons, which he pleaded specially and set up in his defence to said charge and affidavit before the said recorder of the First Recorder’s Court or New Orleans, and which said pleas and defences were overruled by him on the trial, and among which said pleas and defences were the following:
1. That said ordinance is an unreasonable, odious and oppressive regulation, and interferes with relator in a lawful and industrial pursuit which is not injurious to the community, and disregards re - labor’s constitutional privilege to be protected in the possession and enjoyment of his property.
2. That said ordinance compels relator to be a witness against himself in a criminal case within the meaning of the fifth amendment of the United States Constitution, and Art. 6 of the Louisiana Constitution.
3. Said ordinance is repugnant to the fourth amendment of the United States Constitution, and Art. 2 of the Louisiana State Constitution, and violates relator’s right to be secured in his person and effects against unreasonable searches and seizures.
4. It violates the State aDd Federal Constitutions by depriving relator of his liberty and property without due process of law, because it subjects him to fine and imprisonment for refusing to furnish evidence against himself, which is not due process of law, and compulsorily confiscates the merchandise (milk) in which he deals without compensation, and therefore also deprives relator of the equal *1301 protection of the laws. La. Const., Art. 6; La. Const., Art. 155; U. S. Const.
5. The said ordinance violates the fourteenth amendment of the United States Constitution for the foregoing and other apparent reasons.
Relator represents that all said reasons in substance, and many others also challenging the constitutionality of the said provision in the said ordinance, were by him specially pleaded in his behalf in his defence to said charge, all of which were overruled and set aside as of no avail, and relator was fined as stared, and thereupon relator applied to said recorder to be allowed a suspensive appeal from said fine and sentence, and prayed that the same be made returnable to the Supreme Court as the law required on furnishing bond and security in such amount and conditioned as the law directs..
That the said recorder refused to allow said appeal from his judgment and sentence, and assigned no reason for the said refusal other than that the people of the city of New Orleans looked to him to suppress the selling of adulterated milk within the city limits.
That said recorder insisted that said fine of $25 should be immediately paid by relator, and on default of payment of said fine that relator should be immediately locked up and imprisoned and therefore under duress, and protesting that said fine and sentence and that said refusal to allow an appeal to the Supreme Court and threat of immediate imprisonment were unlawful, and, moreover, reserving all his rights to insist that said appeal should be allowed and granted as prayed for, relator paid to the clerk of the said First Recorder’s Court, by direction of said recorder, the said fine, and obtained a receipt therefor as paid under protest and annexed to his petition.
Relator further averred that he was entitled to an appeal from the sentence of the recorder because the constitutionality of said ordinance and of the fine, penalty and forfeiture, imposed thereunder are directly called in question, and that there is no other remedy to enforce relator’s right to said appeal except to apply to the Supreme Court for a writ of mandamus to command the said recorder to grant said appeal, and for a writ of certiorari to the end that the said proceedings of the State of Louisiana vs. Jean Duffard (relator) be certified to the Supreme Court in order ■ that their validity be ascertained. That he has notified the recorder of his intention to apply for said writs; that he is entitled to a 'return of the said $25 which *1302 he has been compelled to pay under protest. He accordingly prayed that a writ of mandamus issue commanding the said recorder to allow relator a suspensive appeal from the sentence imposed by him against relator in the said proceedings, returnable to the Supreme Oourt according to law upon his furnishing bond and security according to law, and to return the said fine of $25, and for a writ of certiorari directing the said recorder to certify to the Supreme Court the said proceedings in order that their validity may be ascertained, and that the writ of mandamus be made peremptory and that said fine of $25 be returned to him; that he be allowed a suspensive appeal, and that the recorder be ordered to pay the cost of the pro - ceedings.
Alternative writs having issued as prayed for, the recorder sent up the record as he was directed, and filed an answer in which he declared that he considered the demand for appeal herein, upon issues passed upon by the Supreme Court in several other cases, expressly or by implication, as an abuse; that he declined after imposing the fine to grant any order releasing relator from custody and relator, in default of such order for release, paid the fine; that all of said proceedings took place May 24, 1893, and relator did not proceed for mandamus until May 26, and respondent received no notice thereof until May 29; that, meanwhile, in due course, the amount paid by relator went into the city treasury as directed by law, and that respondent has no control and never had over the amount of said fine and can not be ordered to refund the same; that he acted in good faith, according to his best judgment, and in the public interest as the same appealed to him to demand and as a public officer; and he denies that he can be mulcted in the costs of this proceeding, even if the court should hold that he acted in any way erroneously, wherefore, submitting himself to the orders of the court, he prays that he be not, in any event, condemned to pay the costs.
An examination of the record sent up shows that relator, charged with the violation of an ordinance of the city of New Orleans, imposing as a penalty for its violation a fine of twenty-five dollars, and in default of payment thereof an imprisonment in the parish prison for a period of not over thirty days, contested on his trial the constitutionality and legality of the ordinance and the fine and penalty therein imposed; that the issues so raised by him were deter *1303 mined against him; that he was convicted oí the offence and sentenced under the terms of the ordinance; that he applied at once for a suspensive appeal from this sentence, and that his application was refused. Relator was unquestionably entitled to an appeal under Art. 81 of the Constitution. The only reason assigned by the respondent judge for his action is that in his opinion the issues passed upon by him had on several occasions been decided by this court, either expressly or by implication, adversely to the relator’s contentions, and that the relator was, through his motion, seeking to abuse the right of appeal. If the relator was, under the Constitution, entitled to have the judgment of the court below reviewed by this court, that right could not be impaired by any belief which the judge of the City Court might have as to improper motives having prompted the party convicted to claim the exercise of the right. That was a matter with which he had nothing to do. So far as the question of appeal was concerned it was no part of his duty to consider what this court had said or might say on the issues raised. State ex rel. Natal vs. Davey, 37 An. 828. The course pursued by him was totally unwarranted. Relator’s rights in the premises have not been prejudiced by the payment by him of the fine imposed, under the circumstance of that payment. The respondent judge in his answer contends that even though he may have erred in declining to grant the appeal the costs of the present proceedings should not be thrown upon him, as he acted in good faith according to his best judgment and in the public interest as the same appeared to him and as a public officer. Although the action of the city judge in this matter was unjustifiable, reasons of public policy protect him from being made to pay the costs — they must be borne by the city of New Orleans.
For the reasons herein assigned it is hereby ordered, adjudged and decreed that the alternative writ of mandamus herein issued be made peremptory — costs of this proceeding to be paid by the city of New Orleans.
Mr. Justice Parlange takes no part.