[S. F. No. 1891.    Department One.—December 5, 1901.]

EDITH HALL, Respondent, v. FRANK H. KERRIGAN, Justice of the Peace, etc., Appellant.

JUSTICE'S COURT—OVERRULING DEMURRER—TIME TO ANSWER—CON
    TINUANCE—MANDAMUS—JUDGMENT BY DEFAULT.—A justice's court,
    after overruling a demurrer interposed by the defendant to the com-
    plaint, has the power, under section 874 of the Code of Civil Proce-
    dure, to allow the defendant two days in which to answer the com-
    plaint, and to postpone the trial for that period; and the justice
    cannot be compelled by *mandamus* to render judgment by default
    against the defendant.

ID.—CONSTRUCTION OF CODE—REMEDIAL STATUTE.—Section 874 of the
    Code of Civil Procedure is remedial in its nature, and is to be lib-
    erally construed, with a view to effect its object, and give the parties
    an opportunity for a hearing upon the merits of their controversy.
    It is general in its terms, and controls other sections of the code
    in relation to the subject-matter of its provisions.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, awarding a writ of mandate to Frank H. Kerrigan, Justice of the Peace. William R. Daingerfield, Judge.

The facts are stated in the opinion of the court.

H. H. Lowenthal, for Appellant.

S. H. Regensburger, and Dunn & McPike, for Respondent.

HARRISON, J.—The respondent filed a complaint in the justice's court for the city and county of San Francisco against one Ernestine Kreling, claiming to recover certain moneys due her upon contract with said defendant, and the cause was assigned for hearing to the appellant, who was one of the justices of the peace for said city and county. The said Ernestine appeared in the action and filed a demurrer to the complaint. At the hearing upon the said demurrer, the parties appeared and argued the same, and upon its submis- sion it was overruled. The defendant in said action did not answer the complaint forthwith upon the overruling of said demurrer, and the attorney for the plaintiff thereupon de-

manded that judgment be rendered against her. The justice refused this demand, and made an order that she be allowed two days within which to answer the complaint, and postponed the trial for said period of two days. The said Ernestine filed and served her answer to the complaint upon the next day, and the same has since been on file in said justice's court. On the same day that her answer was filed, but before the filing of the same, the plaintiff made the present application to the superior court for a writ of mandate commanding the respondent, as said justice of the peace, to render and enter judgment in her favor against the said Ernestine. At the hearing of said application, the superior court found the facts as aforesaid, and rendered its judgment, awarding a peremptory writ of mandate against the respondent as such justice of the peace, commanding him to enter judgment in said action in favor of the plaintiff. From this judgment the present appeal has been taken.

It is contended by the appellant that, by reason of the order of the justice, allowing her two days within which to answer the complaint, she was not in default at the time the present action was commenced, and the plaintiff was therefore not entitled to have any judgment entered against her. The respondent, on the other hand, contends that the court had no power to make such order, and that upon the failure of the defendant to answer the complaint immediately upon the overruling of the demurrer, she was entitled, under the provision of section 871 of the Code of Civil Procedure, to have judgment entered in her favor.

Subdivision 2 of section 858 of the Code of Civil Procedure declares: '' If the demurrer to a complaint is overruled, the defendant may answer forthwith.''

Section 872 of the Code of Civil Procedure provides that, in the following cases, the same proceedings must be had and judgment rendered in like manner as if the defendant had failed to appear and answer or demur: ''2. If the demurrer to the complaint is overruled, and the defendant fails to answer at once.''

Section 871 provides: ''If the defendant fails to appear and to answer or demur within the time specified in the summons, then the following proceedings must be had:—

'' 1. If the action is based upon a contract, and is for the

recovery of money or damages only, the court must render judgment in favor of plaintiff for the sum specified in the summons.''

Section 874, however, declares: '' The court may, of its own motion, postpone the trial:—

'' 2. For not exceeding two days, if, by an amendment of the pleadings, or the allowance of time to make such amendment or to plead, a postponement is rendered necessary.''

The '' amendment of the pleadings '' thus mentioned must refer to pleadings which have already been made and filed, and which, under subdivisions 1 and 3 of section 858, the court '' may allow '' a party to amend, after a demurrer thereto—i. e., the complaint or answer—has been sustained. The further provision in section 874, by which the court may postpone the trial, if a postponement is necessary, by reason of the allowance of time '' to plead,'' must have been intended by the legislature to have some effect, and must refer to a pleading that has not yet been made or filed. This clause also implies that the court may allow a party time, not to exceed two days, within which to file an original pleading, when he has no such pleading on file. Statutes of this character are remedial in their nature, and should be liberally construed, with a view to effect their object, one of which is to give the parties an opportunity for a hearing upon the merits of their controversy. Although the pleadings in a justice's court may be oral, yet they are not required to be so, and there are many instances in which a defense can be better presented by a written pleading; and as the defendant cannot know in advance whether his demurrer will be sustained or overruled, he ought not to be required to prepare his answer in advance of the hearing upon the demurrer, unless the statute so demands. Whether in any particular case the court should allow time for the preparation of the answer, after the order upon the demurrer, as well as the time which it will allow, must depend upon the facts of that case; but so long as it has the power to make such an order its action cannot be disregarded. As the statute forbids the postponement of the trial for more than two days for this purpose, there cannot ordinarily be any abuse of this power.

If there be any conflict between the several sections of the code, section 874, being the later in position, must prevail

(Pol. Code, sec. 4484); but we do not consider that there is any conflict. Section 874 is general in its terms, and controls the provisions of the other sections.

Judgment is reversed.

Garoutte, J., and Van Dyke, J., concurred.