[Civ. No. 1600.    Third Appellate District.—April 6, 1917.]

## R. PLATNAUER, Petitioner, v. SUPERIOR COURT OF SACRAMENTO COUNTY et al., Respondents.

COSTS—ANNULMENT OF JUDGMENT FOR CONTEMPT ON CERTIORARI—AL-
LOWANCE AGAINST JUDGE OR COUNTY UNAUTHORIZED.—Where a
judgment for contempt of court is set aside on a *certiorari* pro-
ceeding, the petitioner is not entitled to have the costs incurred by
him in the proceeding taxed against the judge nor allowed against
the county, as such a proceeding is not the ordinary action to which
sections 1027 and 1032 of the Code of Civil Procedure are applicable.

APPLICATION originally made to the District Court of
Appeal for the Third Appellate District to strike out a
memorandum of costs incurred in a contempt proceeding.

The facts are stated in the opinion of the court.

A. M. Seymour, J. S. Daly, and R. Platnauer, for Petitioner.

Meredith, Landis & Chester, for Respondents.

BURNETT, J.—A judgment was rendered by said superior
court finding petitioner guilty of contempt and, upon peti-
tion to this court, said judgment was set aside upon the
ground that the conduct of petitioner was not such as to jus-
tify said finding. (*Platnauer* v. *Superior Court of Sacra-
mento County*, 32 Cal. App. 463, [163 Pac. 237].) Peti-
tioner thereupon filed in this court a memorandum of his
costs incurred in the above-entitled proceeding which re-
spondent has moved the court to strike out "upon the ground
that the decision and judgment of the court in said matter
did not award costs to the petitioner, and upon the further
ground that costs are not recoverable by petitioner in any
event in said matter and are not authorized or allowed by
law."

Petitioner claims that he is entitled to his costs by virtue
of sections 1027 and 1032 of the Code of Civil Procedure.
The former provides: "The prevailing party on appeal shall
be entitled to his costs excepting when judgment is modified,
and in that event the matter of costs is within the discretion
of the appellate court," etc. Section 1032 is: "When the

decision of a court of inferior jurisdiction in a special proceeding is brought before a court of higher jurisdiction for a review, in any other way than by appeal, the same costs must be allowed as in cases on appeal, and may be collected by execution, or in such manner as the court may direct, according to the nature of the case.''

But this is not the ordinary action to which said sections of the code apply. It was directed against a court of record for the purpose of reviewing a judicial determination of that tribunal. In such cases the court is not liable for damages or for costs. The rule is stated in 23 Cyc. 567, as follows: "As a general rule no person is liable civilly for what he may do as a judge while acting within the limits of his jurisdiction, nor is he liable for neglect or refusal to act. The rule is especially true where the judge is one having general jurisdiction, and in such cases there is no liability even though he exceeds his authority. The overwhelming weight of authority is to the effect that where a judge has full jurisdiction of the subject matter and of the parties, whether his jurisdiction be a general or limited one, he is not liable civilly when he acts erroneously. illegally or irregularly and he is not chargeable with costs resulting from his erroneous rulings, or the cost of a proceeding to prohibit erroneous action on his part.'' It has even been held that he is not liable when he acts from malicious or corrupt motives. (23 Cyc. 569.) Here, it may be said, there is no contention nor evidence that the court acted from anything but proper motives. Nor is there any doubt that it had jurisdiction of petitioner and of the subject matter. It, however, acted erroneously in finding from the facts that a contempt had been committed. It is true that its judgment was annulled on *certiorari* for excess of jurisdiction, but, after all, it presented a case, in the opinion of this court, of reaching a wrong conclusion from the premises involved therein. However, petitioner admits that no cost can be allowed against the judge or the court, but he contends "that inasmuch as the statute is mandatory, and that he *must* be allowed his costs; and seeing that they have been incurred in connection with the maintenance of the superior court of Sacramento County, the same should be paid by the county, and that respondent should be directed to draw an order on the treasurer of Sacramento County for the amount.'' In support of this view he cites *State* v.

*Whitaker,* 45 La. Ann. 1299, [14 South. 66] , *Haviland* v. *White,* 7 How. Pr. (N. Y.) 154, and *People* v. *Flake,* 14 How. Pr. (N. Y.) 527.

The first of these involved the violation of an ordinance of the city of New Orleans. The judge of the recorder's court refused to allow ''a suspension appeal'' and it was held that his course was totally unwarranted. As to the costs it was said by the supreme court: ''Although the action of the city judge in the matter was unjustifiable, reasons of public policy protect him from being made to pay the costs. They must be borne by the city of New Orleans.''

The point involved in *Haviland* v. *White,* 7 How. Pr. (N. Y.) 154, was whether the provision of the statute as to costs applied to *certiorari* proceedings. After ''a good deal of consideration and considerable hesitation'' the court reached the conclusion that it was a case for costs, but it is to be observed that there were adversary parties in the litigation, and the costs were awarded against the losing party.

The Flake case, *supra,* was similar to *State* v. *Whitaker, supra.* It was held that the referees or commissioners of highway acted as judges and constituted a court of inferior jurisdiction within the meaning of the code of New York. In speaking of the action of said commissioners in the matter it was said: ''Their error is an error of judgment, at least in the view of this court, and no obliquity of motive is to be imputed to them. They should not, therefore, be charged with the costs of the appeal.'' It was further held that the appellants should not be charged with the costs, and the final conclusion of the court was announced in these words: ''On the whole, I think the proper direction, under all the circumstances of the case, is that the costs of the relator in this court, as of an action at issue, or an issue of law, be awarded against and collected of the town of Westfield; and that the amount thereof be collected by a tax, as a part of the town charges of that town, in the next levy of taxes.'' ·

Thus it appears that two of these cases seem to afford some countenance to the contention of petitioner herein, but we can find no law in this state that authorizes us to make the order which petitioner seeks.

The county itself was not a party to the action. Besides, the superior court is an agency of the state rather than of the county. It is the superior court of the state of California

in and for the county of Sacramento. Again, it is difficult to understand how said costs were incurred "in connection with the maintenance of the superior court." But if we assume that petitioner has a claim against the county for his outlay he must in the first instance present it to the board of supervisors for allowance. If they reject it he can then maintain the proper action for its recovery. (Pol. Code, secs. 4075, 4078.)

As we are satisfied that no allowance of costs should be awarded in this proceeding, the motion to strike out is granted.

Chipman, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 4, 1917.