[Civ. No. 2456.  Third Appellate District.  March 7, 1922.]

## J. E. COLTHURST, Petitioner, v. J. A. FITZGERALD, Justice of the Peace, etc., Respondent.

[1] JUSTICES' COURTS—PLEADING—OVERRULING OF DEMURRER TO COMPLAINT—TIME FOR ANSWER.—An order of a justice's court granting the defendants ten days to answer after the overruling of the demurrer to the complaint is unauthorized, and *mandamus* will issue to compel the entry of judgment for the plaintiff where the answer is not filed within the time provided by section 872 of the Code of Civil Procedure.

[2] ID.—ENTRY OF JUDGMENT—MANDAMUS PROCEEDING—COSTS.—The petitioner in a *mandamus* proceeding to compel a justice's court to enter judgment in his favor in a civil action wherein the defendant failed to file his answer within the required time after demurrer overruled is entitled to his costs incurred.

PROCEEDING on application for a Writ of Mandate to compel a justice of the peace to enter a judgment in a civil action.  Granted.

The facts are stated in the opinion of the court.

J. E. Colthurst for Petitioner.

No appearance for Respondent.

FINCH, P. J.—This is an original proceeding in *mandamus* to compel respondent to enter judgment in favor of petitioner in an action pending in the justice court of Vallejo township, Solano County, in which petitioner is plaintiff and Mary V. Smylie and Charles Frank Smylie, her husband, are defendants.

On the filing of the petition herein this court caused an alternative writ of mandate to issue requiring respondent to enter judgment as prayed for or, in default thereof, to show cause before this court at 10 o'clock A. M. on February 20, 1922, why he had not done so.  The alternative writ, together with a copy of the petition and of petitioner's points and authorities, was duly served on respondent ten days prior to the time set for the hearing.  Copies were likewise served on said Charles Frank Smylie and on Joe Lawrence, Jr., attorney for the defendants in the action in the justice

court. Neither the respondent nor said defendants appeared at the hearing and the matter was heard at the time appointed on the verified petition on file and was argued and submitted by the petitioner.

From the facts presented at the hearing it appears that the action in the justice court was brought to recover from the defendants therein the sum of $168, alleged to be due the plaintiff for counsel fees and costs advanced by him. The defendants interposed their demurrer to the complaint in that action. The demurrer came on regularly to be heard May 7, 1920, and the same was on that day overruled by the respondent. Respondent attempted to grant the defendants ten days to answer after the overruling of the demurrer. On May 18, 1920, petitioner demanded the entry of judgment by default against the defendants. The respondent refused on the ground that he had granted defendants an additional ten days to answer. May 28, 1920, the petitioner again made demand upon respondent to enter judgment but was again refused. Thereafter the defendants filed separate answers denying the alleged indebtedness to the plaintiff therein.

[1] It appears clear that the respondent was without authority to extend defendants' time to answer to the extent attempted. (Secs. 872, 874, Code Civ. Proc.; *Hall* v. *Kerrigan*, 135 Cal. 4 [66 Pac. 868].) The amendment of section 872 (Stats. 1921, p. 122), authorizing the court to allow a defendant not to exceed five days to answer after his demurrer to the complaint is overruled, can have no application, of course, to prior orders. Even if it be conceded that the respondent had authority to extend the time to answer beyond the two-day limitation fixed by section 874, he could not so extend the time after the defendants were in default. (*Freese* v. *Freese,* 134 Cal. 48 [66 Pac. 43]; *Union Collection Co.* v. *Oliver,* 162 Cal. 758 [124 Pac. 435].)

[2] Petitioner prays for his costs incurred in this proceeding and, in his argument, he claimed the right to recover damages sustained. He neither alleged nor proved any damage and consequently can recover none. He is entitled to his costs herein incurred. (Code Civ. Proc., sec. 1095; *Gould* v. *Moss,* 158 Cal. 548 [111 Pac. 925].)

It is ordered that a peremptory writ of mandate be issued by the clerk of this court directed to respondent, J. A. Fitzgerald, justice of the peace in and for Vallejo township, Solano County, California, requiring him, as such justice of the peace, to enter judgment in favor of the plaintiff and against the defendants for the sum of $168 and costs of suit in that certain action, pending in said justice court and described in the petition herein, wherein said J. E. Colthurst is plaintiff and said Mary V. Smylie and Charles Frank Smylie are defendants. It is further ordered that petitioner have judgment against the respondent for petitioner's costs herein incurred.

Hart, J., and Burnett, J., concurred.