(94 South. 392)

No. 25516

STATE v. WHITE.

In re WHITE.

(Oct. 30, 1922.)

*(Syllabus by Editorial Staff.)*

Criminal law ⬅134(3)—Prohibition ⬅24— Questions as to trial in vacation moot, and not determined after the vacation period has passed.

Questions raised by an application for writs of certiorari and prohibition to review and set aside an order setting a case for trial during vacation period, and to restrain the judge from trying the case during that period, are moot, and will not be determined after the vacation period has passed.

Amos White was indicted for murder, and his objection to trial at the time fixed was overruled, and he applies for writs of certiorari and prohibition. Writs previously issued recalled.

Stephens M. Cagle and Hy. W. Bethard, Jr., both of Coushatta, for relator.

By the WHOLE COURT.

OVERTON, J. The relator, in this case, was indicted for murder, and his case was fixed for August 7, 1922. He objected to the fixing of the case for that day, or for any other day during the months of August and September, on the ground that those months constitute the vacation period of the court, and that a trial during that period would be a trial out of term time, and therefore not in open court, when, as a constitutional right, he should be granted a trial in open court, and that any other would be null and void. His objection was overruled, and he applied to this court for writs of certiorari and prohibition; the former, to review and set aside the action of the lower court, in fixing the case for trial during the vacation period of the court, and the latter, to restrain the trial judge from trying the case during that period. The writs were granted, and the trial judge was ordered to show cause on October 4, 1922, why the writ of prohibition, which was ordered to issue, should not be made perpetual, and why the relief prayed for should not be granted.

The trial judge, in response to the rule to show cause, has filed his answer, and relator has filed a brief in support of his application. It is unnecessary, however, to pass on the points raised, for this court, in granting the order, inserted a provision to the effect that the granting of the writs should not be construed as interfering with the trial of relator after October 1, 1922, at which time the vacation period alleged would end. Since that period has now passed, the relator may be tried, whether the application should be determined favorably to his contentions or against them. The questions presented are now merely moot ones, and this court will not decide such questions. Hence the writs issued will be recalled. The writ of prohibition has served its purpose, and the writ of certiorari is no longer necessary.

For the reasons assigned, it is ordered, adjudged, and decreed that said writs be recalled, relator to pay the costs.