(103 So. 162)

No. 27001.

MILLER et al. v. MOLONY, Superintendent of Police.

(Feb. 2, 1925.)

*(Syllabus by Editorial Staff.)*

1. Certiorari ⬤60 — Mandamus ⬤16(I) — Prohibition ⬤13—Application to compel district judge to take jurisdiction of suit for injunction held to present but moot question.

Where the 30 days during which an auction sale might be legally continued, under Act No. 245 of 1924, had elapsed before hearing on application to compel district judge to take jurisdiction of suit to enjoin arrest of auctioneer, *held* question presented was moot, and would not be determined.

2. Evidence ⬤29—Courts take judicial notice of statutes of state.

Courts take judicial notice of statutes of state.

3. Certiorari ⬤60—Mandamus ⬤169—Prohibition ⬤31—Where record discloses that no issue any longer exists, proceeding is functus officio, and will be dismissed on court's own motion.

Where facts in record as disclosed by pleading show that no issue any longer exists, proceeding is functus officio, and will be dismissed on court's own motion.

Application by Joseph E. Miller and others for writs of mandamus, prohibition, and certiorari, to compel the Judge of the District Court to entertain jurisdiction of suit for injunction against Guy R. Molony, Superintendent of Police. Application dismissed.

Weiss, Yarrut & Stich, of New Orleans, for relators.

THOMPSON, J. Miller Brothers is a commercial firm composed of four brothers, residents of this city. The firm is and has been for a number of years engaged in the retail jewelry business.

One of the members, Joseph E. Miller, is a duly licensed and qualified auctioneer, authorized under the laws of the state to make sales as such auctioneer in this city.

In the early part of December the auctioneer proceeded to sell at public outcry the stock of jewelry and merchandise of the firm at its place of business. To aid and assist him in such sale, the auctioneer engaged the services of Sam Frank and Norman Grossman, residents of Tennessee, and who were not voters in Louisiana.

After the auction sale had continued from day to day for about two weeks, the auctioneer was notified by the superintendent of police, or by persons acting under his authority, that said sales could not continue with the said Frank and Grossman taking part therein, because of the fact that, the said assistants not being voters of the state, they were not qualified to act as deputies and agents of the auctioneer, under the provisions of Act 156 of 1924.

The said auctioneer was further notified that, if said sales were continued with the aid of the two parties named, the said parties and the auctioneer would be arrested, and the arrest would be repeated after each separate sale made of the jewelry.

Thereupon the auctioneer and the firm of Miller Brothers applied to the civil dis-

trict court for a writ of injunction restraining the superintendent of police from making said arrests, and from interfering with the said sale of said jewelry at auction.

In the petition it was alleged that if the arrests were made as contemplated and as threatened, it would at once put an end to said auction sale, and cause a damage to the firm of Miller Brothers in an amount exceeding the sum of $5,000.

A restraining order was issued, and a rule nisi to show cause, on a day fixed, why the said injunction should not issue as prayed for. An exception of no cause of action was filed by the city, and an answer of general denial.

On the day fixed for the trial of the rule nisi, the district judge ex propria motu declined to entertain jurisdiction, for the reason that the civil district court was without authority to enjoin the enforcement of a criminal statute, and dismissed the suit.

Application was then made to this court to compel the respondent judge to take cognizance of said case, and to proceed with the trial thereof according to law.

Opinion.

[1] Act No. 245 of 1924 provides that auction sales of jewelry, such as was being made by the relators herein, shall not continue for more than 30 days within the period of one year.

The facts stated in the pleadings show that the relators have had the full benefit of the time provided for in the statute. Their right to proceed further with the auction sale had ceased to exist at the time this proceeding was submitted to this court for decision.

There is therefore no longer any controversy. There is nothing for the court to decide. The court could not order the respondent judge to proceed with the trial of the right of plaintiff to an injunction, where the cause for the injunction no longer exists.

It would serve no purpose whatever for this court to decide at this time the abstract and purely academic question as to whether the civil district court was right or wrong in declining jurisdiction on the ground stated in its decree, since, conceding that relators were entitled to the injunction at the time it was applied for, and since, if the injunction had then issued, its life and vitality could not have extended over a period of 30 days.

[2, 3] This court takes judicial notice of the statutes of the state, and where the facts in the record, as disclosed by the pleadings, show that there is no longer any issue to be decided between the parties, and that the proceeding has become functus officio, the court will of its own motion dismiss the proceeding. Doss v. Board of Commissioners, 117 La. 453, 41 So. 720. State ex rel. Le Blanc v. Democratic Committee, 123 La. 384, 48 So. 1005.

For the reasons stated, the application of relators is dismissed.