*death;* for the one shot might have recovered, and in order to prove a homicide there must be *proof of a death.*

But the plea of self-defense does. *not* admit the killing or that *the accused did the killing.*

Thus, in State v. Conda, 156 La. 679, 101 So. 19, this court said:

"The record shows that during a difficulty which arose between defendant and one Rube Newton, and while they were firing at each other with pistols, Thornton, a bystander, was killed.

"The trial judge * * * charged the jury that where the defendant set up a plea of self-defense it was an admission of the killing. * * *

"The charge was error. It is not true [even] as an abstract principle of law that a plea of self-defense, in a prosecution for murder or manslaughter, is an admission that the defendant did the killing. * * * "

### Decree.

The verdict and sentence herein are therefore set aside, and it is now ordered that the accused be granted a new trial.

---

(109 So. 145)

No. 27972.

### STATE v. LIVAUDAIS et al.

### In re LIVAUDAIS et al.

(May 31, 1926.)

*(Syllabus by Editorial Staff.)*

Bail ⬡�top49—Mandamus ⬡�to16(1)—Prohibition ⬡�top13—Writs of prohibition, certiorari, and mandamus to compel district judge to allow relators bail will be discharged, where they have furnished bond and been released (Const. 1921, art. 7, § 10).

Writs of prohibition, certiorari, and mandamus, issued on application under Const. 1921, art. 7, § 10, to compel district judge to release relators charged with criminal libel on bail, will be discharged for want of anything to pass on, where relators had appeared and furnished bond at time and in amount stated by judge and had been released.

Oliver S. Livaudais and another were charged with criminal libel, and they apply for writs of prohibition, certiorari, and mandamus to the Judge of the Twenty-Fifth Judicial District Court in and for the Parish of St. Bernard for their release on bail. Writ discharged.

James Wilkinson, of New Orleans, for petitioners.

Neil A. Armstrong, Jr., of Meraux, for respondent.

ST. PAUL, J. According to. an extract from the minutes of the Twenty-Fifth judicial district court, in and for the parish of St. Bernard, duly certified by the clerk of said court, it appears that the court met on Friday, May 7, 1926, Hon. J. C. Mereaux, judge of said court, presiding; and that the following took place apparently *in open court,* to wit:

"No. 69. State v. Manuel Molero and Oliver S. Livaudais. (Criminal Libel.)

"With leave of court first obtained, the information of the Hon. Percy Saint, Attorney General of Louisiana, in this cause, was filed. On motion of L. H. Perez, district attorney, and on suggesting to the court that he is the prosecuting witness in this cause and therefore recuses himself, and an attorney should be appointed by the court to represent the state herein, it was ordered that L. H. Perez be recused as district attorney in this cause, and that Fred A. Ahrens, be appointed to represent the state herein. Fred A. Ahrens, attorney, being present, was sworn by the court as attorney to represent the state in this cause. On motion of Fred A. Ahrens bench warrant ordered issued returnable instanter.

"*It is ordered by the court that appearance bond be fixed at $500 each.* (Italics ours.)

### I.

The last (not unimportant) clause of the foregoing entry seems, however, to have been *overlooked* by some one. For, late in the evening of that same day, these relators applied to this court to exercise its extraordinary jurisdiction and plenary power of control and "general supervision over all in-

ferior courts" (Const. 1921, art. 7, § 10, p. 39), their petition reading in substance as follows:

That they (relators) have been arrested upon a charge of criminal libel. * * * That said charge is a bailable offense, being only a misdemeanor, * * * and they (relators) are able, ready, and willing to give any reasonable bond. * * * That they are informed and verily believe that the judge * * * has left the parish without fixing any bail bond, * * * and it is impossible to find him in said parish. * * *

Wherefore relators asked this court for relief as set forth in the subtitle of this case; and thereupon a preliminary writ issued forbidding the said judge and the sheriff to imprison relators until bail bond be fixed and an opportunity given relators to furnish it.

### II.

The writ was made returnable on Tuesday, May 11th, and the district judge made his return in substance as follows:

That your respondent * * * fixed the amount of appearance bond to be furnished by said two defendants at the sum of $500 each, * * * (and) annexes a verified extract of the minutes of his court of Friday, May 7, 1926. * * * That he is informed and verily believes that said Oliver S. Livaudais and Manuel Molero were arrested and kept only in constructive custody (sic) by a deputy sheriff until paroled by order of the sheriff and directed to appear at the courthouse on the next morning and furnish bond. That neither of the relators was ever actually imprisoned, and that both appeared next morning and furnished bond as had been fixed by respondent on the day before.

Wherefore respondent prays that the writ be discharged.

### III.

It is not disputed that the relators appeared and furnished bond at the time and in the amount stated by the respondent judge, and that they are now at large. Which leaves nothing further for this court to pass upon, not even a question of costs. And the writ will therefore be discharged. Miller v. Molony, 157 La. 811, 103 So. 162; Miller v. St. Mark's Baptist Church, 155 La. 601, 99 So. 463; State v. McGee, 152 La. 779, 94 So. 393; State v. White, 152 La. 777, 94 So. 392; State v. Ruiz, 152 La. 603, 93 So. 915; State v. Dem. Com., 123 La. 384, 48 So. 1005; Doss v. Bd. Com., 117 La. 453, 41 So. 720. And see State v. Recorder, 45 La. Ann. 1299, 14 So. 66.

Decree.

The writ herein issued is therefore discharged.