[Civ. No. 12213.  First Dist., Div. Two.  Dec. 22, 1942.]

EDNA M. RINGEL, Petitioner, v. THE SUPERIOR COURT OF ALAMEDA COUNTY et al., Respondents.

Charles H. Seccombe for Petitioner.

Ralph E. Hoyt, District Attorney, J. Frank Coakley, Chief Assistant District Attorney, R. Robert Hunter, Assistant District Attorney, and J. D. Cooper, Deputy District Attorney, for Respondents.

NOURSE, P. J.—In a judgment entered herein on August 13, 1942, the petitioner was granted a writ of mandamus requiring the respondent superior court to enter *nunc pro tunc* a final decree of divorce.  On October 8th a petition for a hearing in the Supreme Court was denied.  On October 15th the peremptory writ of mandamus was duly issued by the clerk of this court.  On November 9, 1942, the petitioner in said proceeding filed herein a bill of costs and a request for an allowance of attorney's fees and damages. The respondent has moved to strike out the entire cost bill, and also separately attacks the claim for attorney's fees and damages, as well as other items in the cost bill.

The right of a successful applicant for mandamus to recover costs rests on section 1095 of the Code of Civil Procedure.  That section permits the court in such proceedings to award the successful petitioner costs and damages and to make the charge one against the state, county, or municipal-

ity when it finds that the officer thereof who was sued in his official capacity was acting in good faith. Manifestly such a finding, and such an award, must be made while the court retains jurisdiction of both the parties and of the subject matter. Here the judgment made no provision for costs to either party. In *Union Trust Co.* v. *Superior Court,* 13 Cal.2d 541 [90 P.2d 582] at page 543, the Supreme Court said that if the judgment does not award costs, the party seeking an award "should apply to the court for the allowance within such time as will enable the court to pass upon the application and, if costs be allowed, to modify the judgment before the same becomes final." But a judgment of the District Court of Appeal becomes final upon the expiration of thirty days after its entry and thereafter is subject to modification by the Supreme Court only as outlined in section 4 of article VI of the Constitution.

The motion to strike the cost bill is granted.

Sturtevant, J., and Spence, J., concurred.