[Civ. No. 12640. First Dist., Div. One. June 22, 1944.]

DANIEL F. McCARTHY, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Albert J. McGuire for Petitioner.

Lloyd J. Cosgrove and Herbert Chamberlin for Respondents.

KNIGHT, J.—On May 23, 1944, a peremptory writ of prohibition was granted by this court prohibiting the Superior

Court in and for the City and County of San Francisco from enforcing by execution or contempt proceedings an order theretofore made by said court in the exercise of its probate jurisdiction in a proceeding instituted therein under the authority of sections 613, 614 and 615 of the Probate Code (*McCarthy* v. *Superior Court*, 64 Cal.App.2d 468 [149 P. 2d 55]); and on June 6, 1944, the applicant for the writ gave notice of motion to modify the decision granting the writ by adding thereto a provision fixing and allowing damages including attorneys' fees, and an allowance of costs amounting to $337. It is petitioner's contention that he is entitled to such allowances by virtue of the provisions of section 1095 of the Code of Civil Procedure, which by section 1105 of the same code are made applicable to prohibition proceedings.

Section 1095 reads as follows: "If judgment be given for the applicant, he may recover the damages which he has sustained, as found by the jury, or as may be determined by the court or referee, upon a reference to be ordered, together with costs; and for such damages and costs an execution may issue; and a peremptory mandate must also be awarded without delay; provided, however, that in all cases where the respondent is a state, county or municipal officer, all damages and costs, or either, which may be recovered or awarded, shall be recovered and awarded against the state, county or municipal corporation represented by such officer and not against such officer so appearing in said proceeding, and the same shall be a proper claim against the state, or county, or municipal corporation for which such officer shall have appeared, and shall be paid as other claims against the state, county or municipality are paid; but in all such cases, the court shall first determine that the officer appeared and made defense in such proceeding in good faith." From the foregoing provisions it will be seen that if the motion is granted the award of damages and costs must be paid by the state.

The motion in our opinion should be denied. The denial of the claim for damages might well be placed alone upon the ground that nowhere in his petition for the writ, either by way of allegation or prayer, did petitioner ask for damages. (*Colthurst* v. *Fitzgerald*, 56 Cal.App. 740 [206 P. 471].) However, aside from that point, and as to both damages and costs, we are of the opinion that the provisions of

section 1095 have no application to a proceeding such as this, brought against a superior court to restrain the erroneous exercise of judicial power in litigation between private individuals, to which the state is not a party, in which it is in no way interested, and wherein it has no right of representation. In a certiorari proceeding brought against the superior court it was held that the successful petitioner was not entitled to invoke the benefit of the general code sections allowing costs to the prevailing party (*Platnauer* v. *Superior Court,* 33 Cal. App. 394 [165 P. 41]); and the provisions of the code sections there considered are equally as broad in their terms as section 1095. At the time the decision in that case was rendered section 1038 (now section 1028 as amended) provided that when the state is a party and costs are awarded against it, they must be paid out of the state treasury; and in holding adversely to the contention there made by the petitioner the court said in part: ". . . this is not the ordinary action to which said sections of the code apply. It [the proceeding] was directed against a court of record for the purpose of reviewing a judicial determination of that tribunal. In such cases the court is not liable for damages or for costs."

Moreover, the language used in framing section 1095 supports the view above expressed. As will be noted, the right to damages and costs thereunder is made available "in all cases where the respondent is a state, county or municipal officer . . ."; and while it is true that a judge of the superior court is deemed to be a state officer and the common practice is to join him as a party to a mandamus or prohibition proceeding which has arisen out of a matter pending or determined in the court over which he presides, it is the tribunal itself, the superior court, that is the respondent in the mandamus or prohibition proceeding, and the writ if issued is directed against the superior court. The real respondent is the court, and it is not a "state, county or municipal officer" within the meaning of section 1095.

Where the state is the real party in interest to the special proceeding or to the litigation out of which such proceeding has arisen, and the state is represented therein by a state officer appearing in behalf of the state, a different situation is presented; but it is inconceivable that the Legislature ever intended that the state should be held liable in damages and for costs for the erroneous exercise of judicial power by a

court in hearing and determining litigation between private individuals to which the state is not a party, in which it has not the slightest interest, and has no right of representation.

In support of the motion, petitioner relies mainly on the cases of *Gould* v. *Moss*, 158 Cal. 548 [11 P. 925]; *Union Trust Co.* v. *Superior Court*, 13 Cal.2d 541 [90 P.2d 582], and *Ringel* v. *Superior Court*, 56 Cal.App.2d 334 [132 P.2d 516]. But the precise point here presented was not in those cases considered or decided. All that was decided therein was that after the judgment or decision of a reviewing court has become final it is not subject to alteration or modification. In each of those cases the party seeking to invoke the provisions of section 1095 filed his motion after the judgment or decision had become final, and it was upon that ground the motion in each case was denied.

The motion is denied.

Peters, P. J., and Ward, J., concurred.