HOOD, Judge.
This is a mandamus suit instituted by-six citizens and taxpayers of Evangeline Parish against Elin Pitre, Sheriff of that parish, seeking to compel the defendant to file certain annual reports required by LSA-R.S. 42:283. After this suit was instituted defendant submitted the reports which were demanded, and he then filed a motion to dismiss the suit on the ground that the action was now moot. The trial judge thereupon, without a hearing, rendered judgment dismissing the suit at defendant’s costs. Plaintiffs have appealed.
The sole question presented on this appeal is: Did the trial court err in dismissing this suit upon application of the defendant, without a hearing and without the consent of plaintiffs?
The defendant has served as Sheriff of Evangeline Parish since his election to that office in 1964. He concedes that prior to the institution of this suit he did not file any of the reports which are required by LSA-R.S. 42:283 et seq.
This suit was instituted on August 15, 1967. In it plaintiffs demand that an alternative writ of mandamus be issued directing defendant to file reports of his expenditures for the fiscal years ending June 30, 1965, June 30, 1966, and June 30, 1967, as required by LSA-R.S. 42:283 et seq., or show cause why he should not be compelled to do so. Pursuant to that demand, the trial judge issued an order on the day the suit was filed directing defendant to file the reports which plaintiffs had demanded or to show cause on September 8, 1967, why he should not be compelled to file them.
On September 5, 1967, the defendant filed in this proceeding: (1) A report of all of the receipts and expenditures of his office covering the period beginning on May 1, 1964, and ending on June 30, 1967; (2) a certificate of the Clerk of Court of Evangeline Parish certifying that a copy of that report had been filed in his office; (3) a certificate of the Secretary-Treasurer of the Evangline Parish Police Jury certifying that a copy of the report had been filed in his office; and (4) a formal motion by defendant that the suit be dismissed on the ground that it is now moot and without controversy.
No hearing was held on that motion to dismiss. The trial judge nevertheless rendered judgment on September 5, 1967, dismissing this suit at defendant’s costs. In his reasons for judgment and in the decree itself the trial judge stated that “defendant did comply with the demands of the plaintiffs,” that the report filed by defendant complied with the requirements of LSA-R.S. 42:283 et seq., and that “plaintiffs’ suit has become moot and without controversy.”
LSA-R.S. 42:283 provides that sheriffs, and certain other public officials and boards, “shall furnish annually to the governing authority and clerk of court of their respective parishes, a written itemized report showing the expenditures made by their respective offices, boards, or commissions, whether made out of the salary or expense funds of said offices or members of their respective commissions or boards, or otherwise.”
Other provisions of the Revised Statutes require that the reports submitted by the sheriffs of the various parishes pursuant to LSA-R.S. 42:283 et seq., shall include the names of and the salaries paid to all officials, deputies and employees, the expenditures made for office supplies and furnishings, the amounts paid for the purchase and maintenance of automobiles and other vehicles, the expenditures made for transporting prisoners, fugitives and insane persons, the cost of feeding prisoners, and other expenditures. See LSA-R.S. 42:284-42:288.
The report which was filed by defendant in this proceeding appears to contain all of the information required by the *766 above cited sections of the Revised Statutes. Plaintiffs argue, however, that defendant has not complied with these statutory requirements because: (1) The reports which he submitted covering the period from May 1, 1964 to June 30, 1966 were prepared by the “Legislative Auditor” rather than by the sheriff; and (2) the report covering the period from July 1, 1966 to June 30, 1967, is defective in that it fails to list the salaries of “officials” and the “expenditures for transporting prisoners, fugitives and insane persons.”
We find no merit to either of these arguments. The first 12 pages of the report, covering the period from May 1, 1964, to June 30, 1966, obviously were prepared by the Legislative Auditor pursuant to LSA-R.S. 49:423 be filed with 423 et seq., because a statement to that effect is contained in the report itself. The law does not require, however, that a copy of the auditor’s report made pursuant to LSA-R.S. 49:423 be filed with the clerk of court and the police jury. The record shows that defendant filed a copy of that report with the Clerk of Court and with the Police Jury on August 30, 1967, which was after the instant suit was filed. Also, defendant alleges in his motion to dismiss the suit that the report was being filed by him in compliance with the demands of plaintiffs and the laws of this state, and that it shows the “salaries of officials, salaries of deputies, salaries of other employees, office supplies and furnishings, purchase of automobiles and other vehicles, maintenance and upkeep of automobiles, transporting prisoners, fugitives and insane persons, feeding prisoners and other expenditures” during the period of time it purports to cover. It is apparent from these allegations that defendant has adopted the report of the auditor and has submitted it as his own report. We do not interpret LSA-R.S. 42:283 as requiring the Sheriff personally to prepare the reports therein required, and we think it is immaterial that the auditor prepared that report pursuant to the requirements contained in another statute. We hold, therefore, that the filing of the auditor’s report in the instant suit was an adequate compliance with the above cited section of the Revised Statutes.
Our examination of the report filed by defendant covering the period from June 30, 1966, to June 30, 1967, convinces us that that report lists the expenditures for salaries of “officials” and expenditures for “transporting prisoners, fugitives and insane persons.” Substantially the same form was used by the Sheriff in preparing that report as had been used by the auditor in preparing a report for the earlier period. In each of these reports the salary of the Sheriff and the salaries of all of his deputies and employees were listed. We think that includes expenditures for the salaries of “officials.” The reports also show “traveling expenses” and the expenditures made by the Sheriff for “maintenance and operation” of automobiles. We are convinced that this includes the expenses incurred in “transporting prisoners, fugitives and insane persons.”
Plaintiffs contend, further, that the trial judge erred in dismissing the suit upon application of the defendant, and without a trial or hearing. It is argued that an order or judgment of dismissal, before a hearing or trial, can only be rendered upon application of the plaintiff. In support of this argument plaintiffs cite LSA-C.C.P. art. 1671 and the cases of Senseley v. First Nat. Life Ins. Co., 205 La. 61, 16 So.2d 906 (1944), and St. Bernard Trappers’ Ass’n, Inc., v. Michel, 162 La. 366, 110 So. 617 (1926).
We agree that ordinarily the defendant is not entitled to obtain an ex parte order or judgment of dismissal of the suit as long as a controversy exists between the parties. We think the court, *767 however, either on its own motion or upon application of any party, may order the dismissal of a suit where all of the issues presented have become moot, where there no longer exists any controversy between the parties, or where any judgment which may be rendered by the court would be ineffectual or would constitute merely the giving of an opinion on a moot question or abstract proposition from which no practical result can follow. State v. Board of Supervisors, Louisiana State University & Agricultural & Mechanical College, 228 La. 951, 84 So.2d 597 (1955); DiGiovanni v. Parish of Jefferson, 151 So.2d 528 (La.App. 4th Cir. 1963); State on Relation of Conforto v. City of New Orleans, 124 So.2d 155 (La.App.Orls. Cir. 1960); Evangeline Downs, Inc. v. PariMutuel Clerks’ Union of Louisiana, Local 328, AFL-CIO, 191 So.2d 358 (La.App. 3d Cir. 1966).
In Miller v. St. Mark’s Baptist Church, 155 La. 601, 99 So. 463 (1924), where plaintiffs applied for a writ of mandamus as in the instant suit, our Supreme Court said:
“As the above return shows that re-lators have now obtained all the relief which the writ could have given them, and leaves nothing at issue, not even the costs (State ex rel. Duffard v. Recorder, 45 La.Ann. 1299, 14 South. 66) it follows that the writ must be recalled.”
And in Miller v. Molony, 157 La. 811, 103 So. 162 (1925), involving a suit for an injunction, the court observed:
“This court takes judicial notice of the statutes of the state, and where the facts in the record, as disclosed by the pleadings, show that there is no longer any issue to be decided between the parties, and that the proceeding has become functus officio, the court will of its own motion dismiss the proceeding. Doss v. Board of Commissioners, 117 La. [450,] 453, 41 So. 720. State ex rel. Le Blanc v. [Twenty-First Judicial District] Democratic Committee, 123 La. 384, 48 So. 1005.”
The record in the instant suit shows that defendant has complied with all of the demands of plaintiffs and with all of the requirements of LSA-R.S. 42:-283 et seq. The issues originally presented in this case have become moot, therefore, and there no longer exists a controversy between the parties. If a trial should be held, the court could not direct the defendant to do anything more than has been done. The judgment which could be rendered, therefore, would be ineffectual. Under those circumstances, we hold that the trial judge did not err in dismissing the suit.
Plaintiffs argue, finally, that the trial judge erred in accepting the certificates of the Clerk of Court and of the Secretary-Treasurer of the Police Jury to the effect that a report had been filed by defendant in compliance with LSA-R.S. 42:283 et seq. Counsel for plaintiffs states that the trial judge did not have a copy of the report before him when he issued the order or judgment of dismissal, although it is conceded that this fact is not shown in the record. Whether the trial court did or did not have a copy of the report before him when he signed the judgment is immaterial. A copy of that report is in the record now, and we have determined that it is sufficient to satisfy plaintiffs’ demands and the requirements of the law.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiffs-appellants.
Affirmed.