HOLDRIDGE, J., concurring in part and dissenting in part
For the reasons stated by Chief Judge Whipple, I concur in part and dissent in part. I further add that even taking into consideration all of the allegations that were stricken by this court, the defendants are still entitled to absolute immunity. In this case, the only damages that could be caused to the plaintiffs by any of the defendants would be in connection to the plaintiffs' lawsuit in the Fourth Judicial District Court. As to any court proceedings, it is without question that both the judge and the law clerk have absolute immunity. However, in accordance with Louisiana Code of Civil Procedure article 934, I would allow the plaintiffs an opportunity to amend their petition, as to Ms. Campbell only, to allege any facts whereby the plaintiffs were damaged by any action of Ms. Campbell that were not related to judicial proceedings.
CRAIN, J., agreeing in part and dissenting in part.
I agree with the majority decision to reinstate the stricken paragraphs of the pleadings and finding the law clerk does not enjoy judicial immunity for her nonjudicial acts. From the remainder of the majority opinion, I dissent. I recognize that all of the allegations made in the petition, which are disturbing and injurious to the esteem and dignity of the judiciary, may be unprovable or provably false.[1] However, the procedural posture in which this matter is presented, an exception of no cause of action, requires that I make my decision accepting the well-pleaded facts in the petition as true. See McCarthy v. Evolution Petroleum Corp., 14-2607 (La. 10/14/15), 180 So.3d 252, 257.
Judicial immunity is of the highest order of importance in maintaining an independent judiciary, free of threats or intimidation. But it is a judge-created doctrine policed by judges. And while there are safeguards in the judicial process that reduce the need for private damage actions against judicial actors, when judicial actors perform non-judicial acts, they are not protected by this otherwise sweeping immunity doctrine. Cf. Mireles v. Waco, 502 U.S. 9, 11-12, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991). Whether an act is judicial or non-judicial is determined by "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity."
*984 Stump v. Sparkman, 435 U.S. 349, 362, 98 S.Ct. 1099, 1107, 55 L.Ed.2d 331 (1978). "[T]he relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.' " Mireles, 502 U.S. at 13, 112 S.Ct. at 288.
The petition alleges the law clerk "spoliated, concealed, removed, destroyed, shredded, withheld, and/or improperly 'handled' court documents." The nature of these acts relate to maintenance of court records. The duty to maintain records in cases involves many non-judicial actors, and can only be considered a ministerial, not judicial, act. See Ex parte Commonwealth of Virginia, 100 U.S. 339, 348, 25 L.Ed. 676 (1879) (reasoning that jury selection was a ministerial rather than judicial function, even though performed by a judge, since the duty might as well have been committed by a private person). The allegations do not relate to the exercise of discretion in connection with an adjudicatory function. Consequently, I agree with the majority that the facts alleged in the petition, accepted as true to decide the exception of no cause of action, bring the cause of action against the law clerk outside the scope of judicial immunity.
As to the judges, the petition alleges they "aid[ed] and abet[ted] [the law clerk] by allowing her free rein to do as she pleased and then conspire[ed] to conceal [the law clerk's] acts." For the same reasons the law clerk is not immunized for her non-judicial acts related to maintaining court records, the judges are not immunized for allegedly aiding, abetting, then concealing those acts. Failing to supervise a law clerk relative to a non-judicial act is not a judicial act for purposes of immunity.[2] Rather, the alleged failure to "supervise" in this context is more akin to an administrative responsibility, which is not within the scope of absolute judicial immunity. Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 436, 113 S.Ct. 2167, 2172, 124 L.Ed.2d 391 (1993). Thus, I likewise find the judges not immune from suit based on these allegations, accepted as true to decide the exception of no cause of action, and dissent from the majority's decision to the contrary.
Finally, the facts alleged in the petition, which, again, must be accepted as true for purposes of the exception, arguably satisfy the essential elements of a crime, namely injuring public records, then concealing it. See La. R.S. 14:132 ; see also La. R.S. 14:25. The doctrine of judicial immunity does not shield judicial actors from civil liability for criminal acts. See Mireles, 502 U.S. at 9-10, n.1, 112 S.Ct. at 287, n.1. Many decisions in Louisiana recognize actions based on malice or corruption are outside the scope of judicial immunity. E.g., McCoy v. City of Monroe, 32,521 (La. App. 2 Cir. 12/8/99), 747 So.2d 1234, 1241, writ denied, 00-1280 (La. 3/30/01), 788 So.2d 441 ; Moore v. Taylor, 541 So.2d 378, 381 (La. App. 2 Cir. 1989) ; Cleveland v. State, 380 So.2d 105 (La. App. 1 Cir. 1979) ; Conques v. Hardy, 337 So.2d 627 (La. App. 3d Cir. 1976) ; Berry v. Bass, 157 La. 81, 102 So. 76 (1924) ; State ex rel. Duffard v. Whitaker, 45 La. Ann. 1299, 14 So. 66 (1893). While later cases suggest judicial immunity extends even to judicial acts performed with malice, those cases do not immunize judicial actors from criminal conduct grounded in malice or corruption. See Martin v. Joan Malbrough & Associates, 13-0864, 2014 WL 651535, p.1 (La. App. 1 Cir. 2/18/14). Extending the doctrine of judicial immunity to include civil liability *985 for alleged criminal conduct, as in this case, risks undermining the public's trust in the judiciary, which I cannot countenance.

The gravity of these allegations cannot be overemphasized, as one making them falsely is subject to being held accountable for doing so. See, e.g., La. Code Civ. Pro. art. 863 ; Supreme Court Rules-Rule 19, § 6.

Even if supervising the law clerk in this case was considered a judicial act, reason dictates that only the presiding judge actually supervising the law clerk has immunity. Here, all the judges are draped with immunity, even those not presiding over the case and directly supervising the law clerk.