[L. A. No. 2767. Department One.—November 11, 1910.]

WILL D. GOULD, as Executor of the Last Will of Julia Ann Kilborn, Deceased, Petitioner, v. LEON F. MOSS, Judge of the Superior Court of Los Angeles County, Respondent.

MANDAMUS—JUDGMENT FOR APPLICANT—COSTS MAY BE AWARDED.— Section 1095 of the Code of Civil Procedure, providing that if judgment be given for the applicant in a proceeding in *mandamus*, he may recover such damages as he may be found to have sustained, together with costs, applies to original proceedings of that character, whether begun in the superior court, in the supreme court, or in a district court of appeal.

ID.—COSTS NOT RECOVERABLE UNLESS AWARDED.—Under that section, a judgment for the applicant does not carry costs unless the same are affirmatively awarded, and unless so awarded, the filing of a memorandum therefor is unavailing.

MOTION to strike out a memorandum of costs, and to retax costs in a proceeding in *mandamus* originally begun in the Supreme Court.

The facts are stated in the opinion of the court.

James H. Blanchard, and Will D. Gould, for Petitioner.

J. L. Murphey, and H. L. Poplin, for Respondent.

SHAW, J.—This was an original proceeding in *mandamus* begun in the supreme court, to compel the defendant to certify a statement of the case on motion for a new trial in the matter of a petition of Mary Woodman Kilborn to revoke the probate of the will of Julia Ann Kilborn, deceased. An alternative writ was issued, the defendant appeared and answered, as also did the said Mary Woodman Kilborn, and upon the hearing final judgment was rendered by this court, on September 6, 1910, in presence of petitioner, directing the defendant to certify said statement as soon as it should be correctly engrossed. On October 5, 1910, the plaintiff filed in this court a memorandum of costs, claiming the sum of $91.70 for .the several items, including the printing of the plaintiff's petition and points and authorities, clerk's fees on filing the petition,

and cash paid for telegrams and for a certified copy of the judgment of this court.

The defendant now moves this court to strike out this memorandum of costs, and also to retax the costs. The grounds of the motion to strike out are that this court has no jurisdiction to allow costs in such proceedings, and that, if jurisdiction exists, the memorandum was not filed within the time allowed by law.

It is provided in section 1095 of the Code of Civil Procedure, that if judgment be given for the applicant in a proceeding in *mandamus*, he may recover such damages as he may be found to have sustained, together with costs. This provision applies to original proceedings of that character, whether begun in the superior court, in the supreme court, or in a district court of appeal. The point that this court is without power to award costs in such cases is without merit.

We need not consider the question whether or not the memorandum was filed too late. There was no warrant for filing it at all. While, as above stated, the court *may* give judgment for costs in *mandamus* proceedings, yet if the judgment does not include costs, the filing of a memorandum of costs by the prevailing party will avail him nothing. The judgment of the court in Bank in this case does not award costs to the plaintiff. Whether correct in this respect or not, it has become final. Even if we had the power to revise or correct it, we are not asked to do so. The plaintiff is assuming that the judgment, as given, carries costs. In this he is mistaken. If the motion to strike out had been based on the ground that no costs are adjudged, it would have been granted. As it is, the motions cannot be granted but the memorandum of costs will be disregarded.

The motions are dismissed.

Angellotti, J., and Sloss, J., concurred.