[L. A. No. 16626. In Bank.—May 17, 1939.]

UNION TRUST COMPANY OF SAN DIEGO, Petitioner, v. SUPERIOR COURT OF SAN DIEGO COUNTY et al., Respondents.

Stearns, Luce, Forward & Swing for Petitioner.

C. J. Novotny for Respondents.

THE COURT.—The respondents, as the prevailing parties, seek to recover their costs in a *mandamus* proceeding. The petition for the writ was filed in the District Court of Appeal. That court ordered the peremptory writ as prayed. On petition of the respondents the cause was transferred to this court for hearing and determination. This court on June 29, 1938, denied the writ. (*Union Trust Co. of San Diego* v. *Superior Court*, 11 Cal. (2d) 449 [81 Pac. (2d) 150, 118 A. L. R. 259].) On July 29, 1938, the respondents filed a memorandum of costs together with a notice that a motion would be made during the September session of the court for an order allowing costs, directing the issuance of a writ of execution and the manner of collection, and if necessary amending the order denying the writ so as to provide for the allowance of costs. The motion came on for hearing in September as noticed, and was denied from the bench for the reason that counsel for the moving parties did not appear. Upon the

insistence of counsel that his absence was inadvertent a rehearing was granted.

█ Section 1095 of the Code of Civil Procedure provides that the successful applicant for the writ of *mandamus* is entitled to his costs. This provision was recognized and applied in *Gould* v. *Moss,* 158 Cal. 548 [111 Pac. 925], wherein it was held that although costs could be allowed the successful applicant under that section, the judgment must contain an order to that effect; that in the absence of such an order the filing of a memorandum of costs would be of no avail to the prevailing applicant; that it could not be assumed that the judgment, without a special order, would carry costs, and that this section applied to *mandamus* proceedings, whether begun in the superior court, in the Supreme Court, or in a District Court of Appeal. It was also held that the judgment in that case had long since become final and that, even if the court had power to revise it, no request to that end had been made. (See, also, *Kaufman* v. *Pacific Indemnity Co.,* 5 Cal. (2d) 761, 769 [56 Pac. (2d) 504]; *Clough* v. *Superior Court,* 19 Cal. App. (2d) 745 [65 Pac. (2d) 831].)

On the present motion we are requested to modify the judgment so as to include an allowance of costs, notwithstanding the fact that the order denying the writ had become final before the motion was made. The holding of the Gould case, above noted, cannot be considered in any sense as an indication that the court, under the circumstances here shown, has the power to revise the judgment after the same has become final. The rule with reference to the prevailing applicant in a *mandamus* proceeding, commenced in the Supreme Court or a District Court of Appeal, would therefore appear to be that if he desires an allowance for costs, and the judgment does not award them, he should apply to the court for the allowance within such time as will enable the court to pass upon the application and, if costs be allowed, to modify the judgment before the same becomes final.

█ It is to be observed that section 1095 of the Code of Civil Procedure purports to authorize the awarding of costs to the prevailing applicant only. It may be assumed that a prevailing respondent, pursuant to sections 1027, 1034 and 1110 of the Code of Civil Procedure, is likewise entitled to costs, but the same rule with reference to the time of presenting the cost bill should be made to apply as in the case of a

prevailing applicant, namely, that it should be filed within such time as will enable the court to pass upon the application and, if costs be allowed, to modify the judgment to that effect before the same becomes final. The respondents' application for costs herein was not filed within that time.

Part three, title one, of the Code of Civil Procedure, relates to the special proceedings of review, mandate and prohibition. Chapter V of that title provides in section 1109 that, except as otherwise provided in that title, the provisions of part two of the same code are applicable to and constitute the rules of practice in the proceedings mentioned in the title, and in section 1110, that "the provisions of part two of this code relative to new trials and appeals, except in so far as they are inconsistent with the provisions of this title, apply to the proceedings mentioned in this title".

If the same rules as to costs to the prevailing applicant in a *mandamus* proceeding be not applied to the prevailing respondent, the sections of this code in part two relative to costs, and incorporated by reference into part three, title one, would be inconsistent with the operation of section 1095, as construed in the Gould case. When the proceeding is commenced in a District Court of Appeal or in the Supreme Court, no *remittitur* is issued following the decision and the time for filing a cost bill in such a case cannot, therefore, be governed by the provisions of section 1034 of the Code of Civil Procedure.

Motion denied.