[Civ. No. 9771.   Third Dist.   Nov. 9, 1959.]

MILES CALIFORNIA COMPANY (a Corporation), Respondent, v. CHARLES W. HAWKINS et al., Appellants.

E. R. Williams for Appellants.

Macomber & Aulik for Respondent.

WARNE, J. pro tem.*—On April 1, 1959, appellants were adjudged in contempt for violation of a permanent injunction. The formal order which was filed contained no provision as to costs. However, on April 9, 1959, respondent filed a memorandum of the items of its costs and disbursements within the time permitted by section 1033 of the Code of Civil Procedure. Appellants then filed a notice of motion to strike said memorandum of costs and a hearing was had thereon. The trial court denied the motion to strike and awarded the respondent costs in the sum of $122.15, which award it ordered entered on the margin of the order adjudging appellants in contempt.

Appellants contend that a judgment or order made in a contempt proceeding is final and conclusive, exhausts the jurisdiction of the court, and therefore, since the contempt order made no provision for costs, the trial court thereafter had no jurisdiction to award costs.

We have concluded that the defendants' contention is unsound and that the order must be affirmed.

 Section 1032 of the Code of Civil Procedure provides that: "In the superior court, except as otherwise expressly

---

*Assigned by Chairman of Judicial Council.

provided, costs are allowed of course: (a) To plaintiff upon a judgment in his favor; . . . in a special proceeding; . . .'' Contempt is a special proceeding. (See Code Civ. Proc., pt. 3, ''Special Proceedings of a Civil Nature.'') Thus we have express statutory authority for the award of costs to a successful plaintiff in a contempt proceeding. No qualifications or conditions are imposed. ■ They are allowed as ''of course,'' i.e., as a matter of right as an incident of the judgment given upon the issues in the action the moment of its rendition, ''accruing only upon verified claim therefor.'' (*Ferrara* v. *Jordan*, 134 Cal.App.2d Supp. 917, 918 [286 P.2d 589, 54 A.L.R.2d 925]; see also *McMahan's* v. *McMahan Service Corp.*, 145 Cal.App.2d 607, 609-610 [302 P.2d 847].) The court could not with propriety make an order concerning costs contrary to the provisions of the section, and whether the court orders costs, or disallows costs, no weight or effect could be given to the order. ■ It follows that it was not necessary for the trial court to expressly award costs in its order adjudging defendants guilty of contempt. Costs followed as a matter of right.

Appellants in support of their contention appeared to place reliance on *Gould* v. *Moss*, 158 Cal. 548 [111 P. 925], but that was a proceeding in mandate which by the language of section 1032 of the Code of Civil Procedure was excluded from the classification of cases in which costs were allowed as a matter of course. The section on mandate contains special provisions concerning costs which placed the matter of costs within the discretion of the court. That language of the section is found in the exception stated as follows at the beginning of said section: ''In the superior court, *except as otherwise expressly provided,* costs are allowed of course.'' (Italics added.) ■ In the mandate sections the matter of costs is the subject of special legislation, since in such a proceeding section 1095 of the Code of Civil Procedure provides that if the permanent writ be issued the petitioner ''*may* recover the damages which he has sustained . . . together with costs.'' (Italics added.) The Supreme Court said that in such cases, ''The court *may* give judgment for costs in mandate proceedings'' (*Gould* v. *Moss, supra*), thus showing an interpretation that placed the matter of costs in mandate proceedings squarely within the discretion of the trial court and removed such proceedings from the control of section 1032 of the Code of Civil Procedure. *Kaufman* v. *Pacific Indemnity Co.*, 5 Cal.2d 761, 769 [56 P.2d 504], referred to *Gould* v. *Moss*, but only as to that

part which discussed the effect of omission for provisions for costs in a judgment which did not carry costs and which had become final. ██ However, the contempt order or judgment automatically does carry costs whether provision be made or not. The same distinction applies to the cited portion of 13 California Jurisprudence 2d 270, which reads: "If the judgment does not carry costs, the filing of a memorandum of costs by the prevailing party is unavailing." (Citing *Gould* v. *Moss, supra.*) In Witkin, California Procedure, volume 3, page 1902, the statements are made: "Likewise, costs must be *awarded by the judgment*. If the judgment does not contain the provision therefor (see *infra*, § 38) it is futile to file a memorandum of costs." Section 38 contains the following language:

"The clerk or judge *must include the costs in the judgment entered*, if they are ascertained at the time of entry. If they are not ascertained, he must insert them within 2 days after they are, in a blank left in the judgment. [Citations] Unauthorized or premature entry by the clerk is ineffectual. [Citation] . . .

"The award of costs, being part of the judgment, is reviewable on appeal from the judgment. But an order on a motion to tax costs, or to strike a cost bill from the files, is separately appealable as a special order after final judgment."

██ It cannot be logically held that the court can merely by either inadvertence or mistake in entering the order, which becomes final immediately on entry, say nothing about costs and thereby forever defeat the right to costs, where the statute expressly provides that the prevailing party is entitled to recover costs as "of course." As to Witkin's language above quoted that the costs must be allowed in the judgment, it is apparent that no judicial act is referred to when the author says: "The clerk or judge *must include the costs in the judgment entered*." Obviously, if the clerk has the duty to include the costs, his act in doing so, or the act of the judge, if the clerk does not do so, in including costs is a ministerial matter and the failure of either to perform that ministerial statutory duty can be corrected as was done in this case though the judgment is final upon entry.

The order is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.