[Civ. No. 20892.   Second Dist., Div. Five.   July 28, 1967.]

JOANNE WILLIAMS, Plaintiff and Respondent, v. SANTA MARIA JOINT UNION HIGH SCHOOL DISTRICT et al., Defendants and Appellants.

Robert K. Cutler, County Counsel, and Francis Sarguis, Deputy County Counsel, for Defendants and Appellants.

Levy, DeRoy, Geffner & Van Bourg and Richard J. Silber, for Plaintiff and Respondent.

KAUS, P. J.—Appellants Santa Maria Joint Union High School District and its Board of Trustees ("district") were respondents to a writ of mandate below. Respondent Williams, petitioner below, had started the proceedings under section 1094.5 of the Code of Civil Procedure. She was seeking reinstatement as a teacher with the district. There had been a hearing in connection with her dismissal before the Board of Trustees. The district expended $808.50 for a transcript of that hearing which was then filed with the superior court in connection with the mandate proceedings pending in that court.

After a trial in the superior court, judgment for the district was ordered. A judgment prepared by the attorneys for the district was submitted to Judge Butcher who struck a paragraph which would have provided for costs. The judgment was entered November 25, 1964. The attorneys for the district then filed a cost bill in the sum of $883.50.[1] On December 4, 1964, Judge Butcher signed an order reciting that because of a clerical mistake he had "inadvertently failed to award to the respondents costs to which they are entitled under California Code of Civil Procedure Section 1094.5(a)" and corrected the judgment *nunc pro tunc* to include an award for costs with the amount left blank. This judgment was entered on December 7, 1964.

On December 11, 1964 petitioner noticed two motions: first, a motion to strike the entire cost bill on the ground that it was filed more than 10 days after the entry of judgment;[2] second, a notice of motion to tax each of the two items in the cost bill on the ground that each of them was not properly chargeable as costs. This notice of motion was accompanied by a declaration of petitioner's attorney in which he pointed out that at the time when the cost bill was served no judgment

---

[1]The cost bill also included a disbursement for a reporter's fee in the sum of $75. The briefs before this court do not discuss this item as a separate problem which it most assuredly is. We therefore consider any error with respect to that item as waived. (*Du Zeff's Hollywood, Inc.* v. *Wald*, 235 Cal.App.2d 678, 682-684 [45 Cal.Rptr. 584].)

[2]This notice of motion was based on the mistaken belief that judgment had been entered in *October* 1964.

had been entered providing for costs and that no new cost bill had been filed or served after the *nunc pro tunc* order was entered.[3]

After the matter was argued before and submitted to Judge Smith he caused a minute order to be entered reading as follows: "The above entitled Motion having heretofore been submitted to the Court for decision, it is ordered that the Motions to Strike and to Tax Costs are denied, but since the original and only valid Judgment of the Court did not allow costs (costs were actually disallowed therein), and since costs are not mandatory in this action, no costs shall be allowed or included in said Judgment. . . ."

A written opinion and order signed by Judge Smith were filed the same day. In this opinion Judge Smith had come to the conclusion that Judge Butcher's error was judicial rather than clerical. This explains his reference to the "original and only valid judgment" in the minute order. The appeal is from Judge Smith's order.

We respectfully disagree with Judge Smith's conclusion that costs were not mandatory, insofar as that conclusion applies to the cost of the transcript. In *Moran* v. *Board of Medical Examiners,* 32 Cal.2d 301 [196 P.2d 20], the board after a hearing, suspended Moran's medical certificate for one year. He then petitioned for a writ of mandate in the superior court and was successful, but the court disallowed an item of $117 paid for the transcript of the proceedings before the board. Both sides appealed. The Supreme Court opinion first affirms the superior court's action on the merits and then turns to Moran's appeal: "As already quoted herein, section 1094.5 of the Code of Civil Procedure provides that in such a proceeding as this, 'If the expense of preparing all or any part of the record has been borne by the prevailing party, such expense shall be taxable as costs.'

"Petitioner is the prevailing party; as appears hereinabove the record filed by him of the board proceedings is an authentic record, adopted by the board as part of its return to the alternative writ; it is not disputed that petitioner bore the cost of preparing all of such record or that the amount paid is reasonable; it follows that his expense is taxable as costs and that the order taxing costs must be modified by adding the sum of $117." (*Ibid.,* p. 315.)

---

[3]It seems clear that the second motion was also a motion to strike the entire cost bill, rather than a motion attacking the individual items therein as being improper.

We believe that *Moran* establishes that the cost of transcripts of hearings before administrative agencies whose orders or decisions are subject to review under section 1094.5 must be allowed to the prevailing party.

The question then becomes whether it was necessary in the first place that the judgment in favor of the district contain a provision as to costs. On this point we find *Miles Cal. Co.* v. *Hawkins*, 175 Cal.App.2d 162 [345 P.2d 492], to be compelling authority. In that case *Hawkins* had been held in contempt by the superior court. The formal order of the superior court contained no provision for costs. Miles then filed a cost bill which Hawkins moved to strike. There was a hearing on the motion. The motion to strike was denied and the award of costs was ordered entered on the margin of the order adjudging Hawkins in contempt. Hawkins appealed. Relying on section 1032 of the Code of Civil Procedure and its reference to "special proceedings" the court held first that in a contempt proceeding costs are allowed as "of course." That being the case, it was immaterial that the order did not contain an award for costs: "The court could not with propriety make an order concerning costs contrary to the provisions of the section, and whether the court orders costs, or disallows costs, no weight or effect could be given to the order. It follows that it was not necessary for the trial court to expressly award costs in its order adjudging defendants guilty of contempt. Costs followed as a matter of right. . . . It cannot be logically held that the court can merely by either inadvertence or mistake in entering the order, which becomes final immediately on entry, say nothing about costs and thereby forever defeat the right to costs, where the statute expressly provides that the prevailing party is entitled to recover costs as 'of course.' " (*Ibid.*, p. 164-165.)

For reasons at which we hint in the footnote[4] *Miles*

---

[4]First of all there is a problem of statutory interpretation. The court refers to the language of section 1033 of the Code of Civil Procedure to the effect that the clerk or judge "must include in the judgment entered up by him . . . the costs . . .'' That language certainly does not compel the interpretation that making provisions for costs—as distinguished from the insertion of the proper amount in a blank "left in the judgment for that purpose''—is a clerical act. But more important is this: the court distinguishes *Gould* v. *Moss*, 158 Cal. 548 [111 P. 925], in which case, an original mandate proceeding in the Supreme Court, no costs were allowed in the judgment. An attempt to obtain costs made by the prevailing petitioner after the Supreme Court had lost jurisdiction was held to be futile. *Miles Cal. Co.* v. *Hawkins* gets around *Gould* v. *Moss* by saying that costs

*Cal. Co.* v. *Hawkins, supra,* creates certain problems, but its result is immensely practical. Its solution to the sticky problem of what a prevailing party who is entitled to costs as a matter of course should do if the judgment contains no provision for costs is as simple as can be: he files a cost bill.[5]

In effect *Miles Cal. Co.* v. *Hawkins, supra,* makes the failure to provide for mandatory costs a clerical error[6]—moreover an inconsequential one since it does not prevent the prevailing party from effectively claiming and recovering such costs. There was no need for Judge Butcher's *nunc pro tunc* order. The district was entitled to the costs mentioned in section 1094.5 by virtue of the judgment in its favor.

The order of June 25, 1965, purported to declare the legal effect of the original judgment as far as costs are concerned. Its declaration is reversed to the extent that it pertains to the sum of $808.50, the amount of costs to which the district is entitled. As so modified, the order is affirmed.

Hufstedler, J., and Stephens, J., concurred.

---

were discretionary in that mandate proceeding. Unfortunately, however, the court does not deal with *Union Trust Co.* v. *Superior Court,* 13 Cal.2d 541 [90 P.2d 582], a case identical to *Gould* v. *Moss* except that the party seeking costs was a prevailing respondent in a mandate proceeding. *Union Trust Co.* v. *Superior Court, supra,* would be distinguishable only on the same basis as *Gould* v. *Moss,* namely that even a prevailing respondent is not entitled to costs as a matter of right. While section 1095 of the Code of Civil Procedure seems to support the proposition that in mandate proceedings costs other than those covered by section 1094.5 are discretionary where the petitioner prevails, a close reading of sections 1032 and 1109 of the code makes it seem very probable that prevailing respondents are entitled to costs as a matter of right. If that is so *Union Trust Co.* v. *Superior Court, supra,* and *Miles Cal. Co.* v. *Hawkins, supra,* are not reconcilable, unless the rule is different where the writ of mandate is sought in a trial, rather than in an appellate court. (See 3 Witkin, Cal. Procedure (1954) p. 2564.)

[5]Presumably any failure to enter costs in the judgment after a cost bill is filed in such a case can be corrected by appropriate motion in the trial court or, if necessary, by a writ of mandate in the appellate courts.

[6]To reach its result the court in *Miles Cal. Co.* v. *Hawkins, supra,* had to distinguish a broad statement in 3 Witkin, California Procedure (1954) page 1902: "Likewise, costs must be *awarded by the judgment.* If the judgment does not contain the provision therefor . . . it is futile to file a memorandum of costs." In the 1965 supplement to his work Mr. Witkin deals with the case as follows: "Where the prevailing party is entitled to costs as a matter of right, the duty of the clerk or judge to include them in the judgment is ministerial. Failure to perform it, i.e., mistaken or inadvertent entry of the judgment without the provision for costs, does not result in loss of the statutory right; the judge may correct the erroneous entry. (*Miles Cal. Co.* v. *Hawkins* (1959) 175 C.A.2d 162, 165, 345 P.2d 492, discussing the text; on court's power to correct clerical error, see supra, § 18.)" (*Ibid.,* p. 710.)