[No. F010885. Fifth Dist. Sept. 6, 1990.]

HYDRATEC, INC., Plaintiff and Respondent, v.
SUN VALLEY 260 ORCHARD AND VINEYARD COMPANY et
al., Defendants and Appellants.

[Opinion certified for partial publication.*]

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts B, C and D.

COUNSEL

Wild, Carter, Tipton & Oliver, Russell G. Vanrozeboom, Kent C. Parr and Stanley M. Clark for Defendants and Appellants.

Helon & Manfredo, Donald R. Forbes and John M. McDaniel for Plaintiff and Respondent.

**OPINION**

**DiBIASO, J.**—This is an appeal from the judgments in three separate actions, all of which arose out of the construction of an irrigation system on certain farm property. One of the defendants, Associated Farm Management, Inc. (AFM), contends the trial court erred by failing to award it costs and attorney fees in one of the actions, where it was the "prevailing party." In the published portion of this opinion, we determine AFM waived its rights to costs and attorney fees. For this reason, and for the reasons expressed in the unpublished sections of this opinion, we will affirm each of the judgments.

In 1984, plaintiff, Hydratec, Inc. (Hydratec), filed three separate suits: (1) one against Sun Valley 260 Orchard and Vineyard Company (Sun Valley); (2) another against Royal View 140 Fruit Company (Royal View); and (3) the third against a general partnership comprised of David Sykes, Barry Scherr and Lester Saslow. The lawsuits sought to recover the cost of installing an irrigation system on the "Hart 401 Ranch" located in Kern County. Hydratec later substituted AFM as a Doe defendant in each of the actions.

The three proceedings were ultimately consolidated. After a court trial, judgment was rendered on June 17, 1988. In the Sun Valley and Royal View actions, the trial court found in favor of Hydratec and against Sun Valley, Royal View and their respective general partners, but not against AFM. The parties in each of these two actions were ordered to bear their own costs and attorney fees. In the third action, the trial court determined the partnership did not exist and found in favor of Hydratec and against AFM and Sykes and Saslow.

DISCUSSION

### A. Costs and attorney fees

As to the Sun Valley and Royal View actions, defendant AFM contends it should have been awarded (1) costs, because it was a "prevailing party" under Code of Civil Procedure section 1032,[1] subdivision (b), and (2)

---

[1] Code of Civil Procedure section 1032 states in relevant part as follows:

"(a) As used in this section, . . .

". . . . . . . . . . . . . . . . . . . .

"(4) 'Prevailing party' includes the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against

attorney fees, under the reciprocity provisions of Civil Code section 1717.[2] AFM argues the superior court consolidated the three actions "for trial" only, and since each thereby retained its separate identity, AFM's status as a prevailing party should have been determined on a case-by-case basis. Because Hydratec did not secure a judgment against AFM in either the Sun Valley or the Royal View action, AFM says it should have been allowed its costs in both, as a matter of right, and also should have recovered attorney fees under a fee provision in certain promissory notes. Hydratec counters with a number of arguments, including the assertion the actions were consolidated "for all purposes" and not just "for trial," and the contention that AFM waived any entitlement to costs or fees it may have possessed. ■ We conclude AFM's failure to file a cost bill and a claim for fees operated to waive its right to costs and fees.

The court announced its written tentative decision on April 5, 1988. The tentative decision would by its own terms become the statement of decision if no party requested a statement of decision. According to the record on appeal, no such request was made. Consequently, on or about April 22, counsel for Hydratec furnished the court with three forms of judgment, one for each case. Each of the proposed judgments provided that the parties would bear their own costs and attorney fees. The record reveals AFM did not object to the proposed forms of judgment. They were each signed and filed.

Under the provisions of California Rules of Court, rule 870(a)(1),[3] a prevailing party must serve and file a memorandum of costs within one of

---

that defendant. When any party recovers other than monetary relief and in situations other than as specified, the 'prevailing party' shall be as determined by the court, and under those circumstances, the court, in its discretion, may allow costs or not and, if allowed may apportion costs between the parties on the same or adverse sides pursuant to rules adopted under Section 1034.

"(b) Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding."

[2] Civil Code section 1717, subdivision (a), states in relevant part: "(a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

[3] California Rules of Court, rule 870(a)(1), provides: "A prevailing party who claims costs shall serve and file a memorandum of costs within 15 days after the date of mailing of the notice of entry of judgment or dismissal by the clerk under Code of Civil Procedure section 664.5 or the date of service of written notice of entry of judgment or dismissal, or within 180 days after entry of judgment, whichever is first. The memorandum of costs shall be verified by a statement of the party, attorney, or agent that to the best of his or her knowledge the items of cost are correct and were necessarily incurred in the case."

the applicable alternative time limits set out in the rule. Under the provisions of California Rules of Court, rule 870.2,[4] a notice of motion to claim attorney fees pursuant to Civil Code section 1717 must be filed within the same time limit. The record does not contain either a memorandum or a motion filed by AFM.

■ The court's duty to award costs to the party entitled to them under Code of Civil Procedure section 1032 is ministerial. (*Miles California Co.* v. *Hawkins* (1959) 175 Cal.App.2d 162, 165 [345 P.2d 492].) The statutory right to costs is not lost by virtue of the court's neglect or error. Such neglect or error may be corrected by the trial court. (*Ibid.*; see also *Williams* v. *Santa Maria Joint Union High Sch. Dist.* (1967) 252 Cal.App.2d 1010, 1013 [60 Cal.Rptr. 911].) Thus, to the extent the cost provisions of the instant judgments violated Code of Civil Procedure section 1032, the trial court was authorized to correct the judgments to reflect the statutory command, in the same manner it was empowered to remedy any other clerical error in the judgments. (Code Civ. Proc., § 473.)

■ AFM's failure to file a cost bill or otherwise take steps to call the mistake, if it was in fact a mistake, to the attention of the trial judge is fatal to its claim for costs. The court in *Williams* pointed out the "solution to the sticky problem of what a prevailing party who is entitled to costs . . . should do if the judgment contains no provision for costs . . . : *he [or she] files a cost bill.*" (*Williams*, *supra*, 252 Cal.App.2d at p. 1014, fn. omitted, italics added.) Once a bill is presented, any subsequent failure of the court to act on it may be remedied by "appropriate motion in the trial court or, if necessary, by a writ of mandate in the appellate courts." (*Id.* at p. 1014, fn. 5.)

Even though the judgments involved here, unlike those in *Williams*, included a provision awarding costs, the result is the same. The allowance of costs to the statutorily entitled party is a clerical act. If it cannot be defeated by judicial omission, it likewise cannot be defeated by judicial commission. In each instance, the court retains the full power to conform the recital in the judgment to the mandate of the law.

However, the fact an incorrect cost allocation may be rectified does not mean the aggrieved party may wait and raise the issue for the first time on

---

[4] California Rules of Court, rule 870.2, provides: "Any notice of motion to claim attorney fees as an element of costs under Civil Code section 1717 shall be served and filed before or at the same time the memorandum of costs is served and filed. If only attorney fees are claimed as costs, the notice of motion shall be served and filed within the time specified in rule 870(a)(1)."

appeal. To the contrary, if the claimant fails to present a cost bill, a waiver of the right to costs results. The time provisions relating to the filing of a memorandum of costs, while not jurisdictional, are mandatory. (*Sepulveda* v. *Apablasa* (1938) 25 Cal.App.2d 381, 388-389 [77 P.2d 526].) This rule makes eminent sense. As *Williams* said, the appropriate remedy is to timely file a cost bill in the trial court despite the error in the cost portion of the judgment. The trial court will then have an opportunity to evaluate the issue on a motion to strike the cost bill or to tax costs, if either is filed, or on the prevailing party's motion to amend the judgment, if its memorandum of costs is not challenged. At minimum, an appellate issue, or successive appeals involving costs, may be avoided.

The same treatment must be given to AFM's failure to request an award of its attorney fees against Hydratec. AFM claims fees in the two cases by reason of Civil Code section 1717. Fees to which a party is entitled under this statute are treated as an item of costs. (Code Civ. Proc., § 1033.5, subds. (a)(10) & (c)(5).)[5] California Rules of Court, rule 870.2 requires a motion "to claim attorney fees as an element of costs under Civil Code section 1717" be filed within the same time limits as are prescribed in rule 870 for the filing of memoranda of costs. Since AFM did not comply with the provisions of either rule 870 or 870.2, it waived its right to secure an award of fees pursuant to the two alternatives open to it under Code of Civil Procedure section 1033.5, subdivision (c)(5).

In sum, AFM's assertion that the filing of a cost bill or motion for fees would have been a "useless act," since the judgment did not award it costs or fees, is simply wrong. This is precisely what the law required AFM to do.

AFM's waiver of its right to costs and fees by its inaction in the trial court is wholly dispositive of its alleged entitlement to fees and costs. It is therefore unnecessary for us to consider any of the other arguments advanced by AFM in support of its position on this topic.

---

[5] Code of Civil Procedure section 1033.5 provides in pertinent part:
"(a) The following items are allowable as costs under Section 1032:
".  .  .  .  .  .  .  .  .  .  .  .
"(10) Attorney fees authorized by statute."
".  .  .  .  .  .  .  .  .  .  .  .
"(c) Any award of costs shall be subject to the following:
".  .  .  .  .  .  .  .  .  .  .  .
"(5) When any statute of this state refers to the award of 'costs and attorney's fees,' attorney's fees are an item and component of the costs to be awarded and are within the ambit of paragraph (10) of subdivision (a). Any claim not based upon the court's established schedule of attorney's fees for actions on a contract shall bear the burden of proof. Attorney's fees may be fixed as follows: (A) upon a noticed motion, (B) at the time a statement of decision is rendered, (C) upon application supported by affidavit made concurrently with a claim for other costs, or (D) upon entry of default judgment."

B., C., D.*

. . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgments in each of the consolidated cases are affirmed. Hydratec is awarded its costs on appeal in each of the consolidated actions against each of those respondents who is a party to the particular action.

Stone (W. A.), Acting P. J., and Baxter, J., concurred.

---

* See footnote, *ante,* page 924.