Filed 10/20/20  Tietz v. Chaddick CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| NATALIE GRACE TIETZ, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> KATHRYN CHADDICK, <br><br> Defendant and Respondent. | 2d Civil No. B303694 <br> (Super. Ct. No. 56-2019-00529069-CU-HR-VTA) <br> (Ventura County) |

Natalie Grace Tietz appeals an order awarding Kathryn Chaddick $1,435 attorney fees and costs after appellant dismissed her civil anti-harassment action.  (§ 527.6.)[1]  Chaddick filed a motion for $1,000 attorney fees (§ 526.7, subd. (s)) and had to pay a $435 first appearance fee to put the motion on calendar.  Granting the motion, the trial court awarded Chaddick $1,435 fees and costs.  We affirm.

---

[1] All statutory references are to the Code of Civil Procedure.

*Procedural History*

Appellant, a hair stylist at Chaddick's beauty salon, was terminated and filed an anti-harassment petition against Chaddick on June 7, 2019. (§ 527.6.) Appellant dismissed the action on August 6, 2019, after the trial court declined to issue a TRO and continued the trial.

Chaddick filed a motion for attorney's fees a month later, stating that she paid a $1,000 flat fee to her attorney to represent her in the action. Appellant opposed the motion on the ground there was no "lodestar" accounting of the fees incurred. Chaddick's trial attorney responded with a declaration of the work performed and said he had to pay a first appearance fee ($435) to file the motion for attorney's fees.

The trial court found that Chaddick was the prevailing party within the meaning of section 527.6 and that appellant "was put on notice since July 22nd, 2019, of the request for attorney's fees and costs. There was no motion to tax costs, so I'm going to order attorney's fees and costs in the amount of $1,435, and that'll be the order." The trial court overruled appellant's objection that "there was no notice in the moving papers for costs . . . and there was no Memorandum of Costs filed."

*Form Over Substance*

Appellant concedes the failure to file a memorandum of costs is not jurisdictional but claims it "must" be filed before a trial court awards costs. (*Hydratec, Inc. v. Sun Valley 260 Orchard & Vineyard Co.* (1990) 223 Cal.App.3d 924, 929 [time provisions for filing a memorandum of costs, while not jurisdictional, are mandatory]; but see *San Francisco Unified School Dist. v. Board of Nat'l Missions* (1954) 129 Cal.App.2d

2

236, 242-243 [failure to file costs bill within specified time can only be attacked by motion to tax costs].) It is a half-clever argument that appellant likens to "Sauce for the goose. . . ."[2] Appellant relies on California Rules of Court, rule 3.1700 which states: "A prevailing party who claims costs *must serve and file a memorandum of costs within 15 days after the date of service of the notice of entry of judgment or dismissal* by the clerk under Code of Civil Procedure section 664.5 or the date of service of written notice of entry of judgment or dismissal . . . ." (*Id.*, subd. (a)(1).)

The problem is that appellant never served Chaddick with the dismissal and waited until November 20, 2019 to file and serve the entry of judgment, well after the trial court awarded fees and costs. Appellant knew about the fees and costs request because Chaddick prayed for $1,000 attorney fees and $435 costs in her response to appellant's TRO request. The superior court clerk collected the first appearance fee ($435) on September 10, 2019, after appellant dismissed the action.

The trial court awarded Chaddick attorney fees because she was the prevailing party within the meaning of section 527.6, subdivision (s). (See *Adler v. Vaicius* (1993) 21 Cal.App.4th 1770, 1777 [fees awarded to defendant where plaintiff obtained a TRO and dismissed the anti-harassment complaint].) If Chaddick was the prevailing party for purposes of attorney fees, she was also entitled to costs. *"Except as otherwise expressly provided by*

---

[2] The phrase "'too clever by half' was 'coined in George J. Whyte-Melville's 1858 book, 'The Interpreter,' and means "too smart for one's own good."'" (*In re Jet ICU Leasing* (Bankr. M.D. Fla. 2020) 614 B.R. 385, 388, fn.3.)

3

*statute*, a prevailing party is entitled *as a matter of right* to recover costs in any action or proceeding." (§ 1032, subd. (b), italics added.) Rule 3.1170 (governing when a memorandum of costs must be filed) does not trump section 1032, where fees and costs are awarded before the dismissal is served or before the entry of judgment is filed and served. "If a rule is inconsistent with a statute, the statute controls." (*Hess v. Ford Motor Co.* (2002) 27 Cal.4th 516, 532.)

*Disposition*

The judgment (order for $1,000 attorney's fees and $435 costs) is affirmed. Chaddick is awarded costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

YEGAN, J.

We concur:


GILBERT, P. J.


PERREN, J.

4

Denise Trerotola, Commissioner

Superior Court County of Ventura

_____

Richard L. Francis for Plaintiff and Appellant.

Thomas L. Engel for Defendant and Respondent.