Filed 3/10/23  Cielo Homeowners Assn. v. Bennett CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| CIELO HOMEOWNERS ASSOCIATION, | D079743 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2009-00063244-CU-OR-NC) |
| PAMELA BENNETT, | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of San Diego County, Cynthia A. Freeland, Judge.  Affirmed.

Pamela Bennett, in pro. per. for Defendant and Appellant.

The Judge Law Firm and James Arthur Judge for Plaintiff and Respondent.

On remand from an appeal in which the defendant was awarded costs, defendant Pamela Bennett's husband James,[1] a nonparty, completed a

---

[1]    Because Pamela and James Bennett share a surname, we refer to James by his first name for clarity.

memorandum of costs that he served on the opposing party, Cielo Homeowner's Association (Cielo). Cielo responded with a motion to tax that it filed three days late, accompanied by a request for relief for its tardiness under Code of Civil Procedure[2] section 473, subdivision (b). The court stated there was nothing in the register of actions indicating Bennett had filed a verified memorandum of costs, so it directed her to file a verified memorandum within 30 days. It also granted Cielo the requested relief and accepted the late-filed motion to tax. When Bennett failed to file a verified memorandum of costs as directed, the court granted Cielo's motion to tax. Alternatively, it construed Bennett's failure to file the memorandum as a waiver.

Bennett contends the court erred because it violated procedural rules and because Cielo failed to sufficiently challenge the substance of the claims. We conclude that Bennett failed to file a verified memorandum of costs and therefore waived her claim. Thus, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On December 28, 2009, Cielo filed a lawsuit against Bennett alleging two causes of action.[3] When Bennett did not appear at trial on September 6, 2019, the court struck her answer and entered a default against her. The court eventually entered judgment in Cielo's favor, and Bennett appealed that judgment on June 4, 2020.

On January 13, 2021, we reversed that judgment in our unpublished opinion, *Cielo Homeowners Association, Inc. v. Bennett* (Jan. 13. 2021,

---

[2] Further section references are to the Code of Civil Procedure unless otherwise specified.

[3] The details of the underlying civil suit are not relevant to the issue before us.

D076824), remanded the matter, and instructed the court to vacate the judgment, reinstate the answer, and set a new trial date.  We awarded Bennett her costs on appeal.  We issued the remittitur March 19, 2021.

On March 23, 2021, the superior court vacated the judgment and reinstated the answer.

On April 27, 2021, James signed a memorandum of costs on appeal and had it served that day.  On May 20, 2021, Cielo filed a motion to tax costs.  The motion acknowledged it was filed three days after the deadline and sought relief under section 473 due to attorney inadvertence and error.  It also sought the extension under the American with Disabilities Act.[4]  The motion challenged several of the claimed costs.

On September 17, 2021, Bennett filed an opposition to the motion to tax, contending it was untimely and addressing the arguments substantively.

The October 1, 2021 order states that the register of actions did not show that Bennett had filed a verified cost memorandum with the court.[5] The court directed her to file a verified cost memorandum no later than

---

[4]    The attorney of record took responsibility for the error and explained he was engaged in a trial in the days leading up to the deadline, working at a reduced capacity from March 2020 to March 2021 due to complications from a congenital brain disease following his return to work.  He also explained the lead associate handling the matter during his absence left for another job around this same time, leaving him to absorb that caseload as a sole practitioner, and the paralegal who assisted him was out of the office in the days leading up to the deadline.

[5]    The version of the register of actions printed March 28, 2022 includes a listing of the "Memorandum of Costs on Appeal filed by Bennett, Pamela on April 27, 2021."  However, there is no memorandum of costs in the record on appeal that is signed by Bennett; the document file-stamped April 27, 2021 is signed by James.

November 1, 2021, and it continued the matter to November 12, 2021, which was also the date set for trial.

Bennett did not file a verified memorandum of costs, and she did not appear November 12. The court granted the motion to tax costs. It also construed Bennett's failure to file her verified memorandum of costs with the court as a waiver.[6]

Bennett appealed the October 1 and November 12, 2021 orders relating to the motion to tax.

DISCUSSION

In her opening brief, Bennett attempts to challenge a September 17, 2021 order denying her motion to dismiss. Because there was no final judgment at the time Bennett filed her appeal of the September 17, 2021 order, we dismissed that appeal. (See *Griset v. Fair Political Practices Commission* (2001) 25 Cal.4th 688, 696-697.) Accordingly, we address only the portions of the briefing that relate to the court's orders granting the motion to tax.

California Rules of Court, rule 8.278(c)(1) requires a party to serve and file a verified memorandum of costs within 40 days of issuance of the remittitur. We issued the remittitur on March 19, 2021. Thus, Bennett was required to serve and file a verified memorandum of costs by April 28, 2021. Bennett did not do this.

James, who is not a party to this action and cannot represent Bennett (Bus. & Prof. Code, §§ 6125, 6126 [prohibiting unauthorized practice of law]; *Drake v. Superior Court* (1994) 21 Cal.App.4th 1826, 1830-1831 [explaining

---

[6] The court also commenced trial and adjourned it until January 14, 2022.

4

"one cannot appear in 'propria' persona for another person"]; see *J.W. v. Superior Court* (1993) 17 Cal.App.4th 958, 965 [nonattorney parent could not represent minor child]), served a copy of a memorandum of costs that he signed on April 27, 2021, but nothing was signed by Bennett.[7] There is a file-stamped copy of the document James signed in the record, and the March 2022 print-out of the register of actions indicates it was filed. However, the October 1 court order states that "the Register of Actions does not show that Defendant filed a verified cost memorandum with the court." The document in the record before us does not comply with California Rules of Court, rule 8.278(c)(1) because it was not completed by a party to the action.[8] The court gave Bennett an opportunity to correct the error when it directed her to file a verified memorandum of costs within 30 days. Bennett never filed a memorandum of costs. The court appropriately treated the request for costs as waived because Bennett never filed a memorandum of costs with the court. (See *Hydratec, Inc. v. Sun Valley 260 Orchard & Vineyard Co.* (1990) 223 Cal.App.3d 924, 928-929.)

---

[7] The court told James at an August 9, 2019 hearing that Bennett had to appear because she was representing herself and no other person, other than a licensed attorney, could represent her. It repeated this in its September 17, 2021 order: "[T]he court will not entertain arguments by [James] Bennett on Defendant's behalf should the Bennetts appear at the hearing on this matter. . . . [Section] 371 is inapplicable where, as here, the Bennetts have not been sued together – Defendant is the only named defendant in this case. [James] Bennett is not an active licensee of the State Bar of California and is thus not authorized to practice law in California."

[8] Self-represented litigants are treated like any other party and entitled to the same consideration as other (represented) litigants. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.) "Thus, as is the case with attorneys, [self-represented] litigants must follow correct rules of procedure." (*Id.* at p. 1247.)

The court also granted the motion to strike costs after applying its discretion under section 473, subdivision (b), to "relieve a party from a[n] . . . order or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect."  Section 473, subdivision (b), gave the court discretion to entertain the untimely motion, which is an "other proceeding," if it concluded the tardiness was due to attorney mistake, inadvertence, surprise, or neglect.  (*Ibid.*; see *Douglas v. Willis* (1994) 27 Cal.App.4th 287, 290 [finding no mandatory relief for late-filed motion to tax under section 473, subd. (b)].)

Bennett implies there was no attorney mistake because the attorney claiming error was James Judge, and attorney David Mangikyan had been appearing at hearings and signing pleadings.[9]  While an individual attorney makes appearances and can, individually, serve as an attorney of record, in this case the Judge Law Firm, ALC, was consistently listed in the caption on pleadings as attorney of record.  The caption identifies "the attorney for the party in whose behalf the paper is presented . . . ."  (Cal. Rules of Court, rule 2.111(1).)  " '[W]hen a law firm name is printed on the first page, in addition to an individual attorney's name and State Bar number, the court will then permit any attorney from that firm (who is a California State Bar member) to appear for the named client *without the need to file a form of association or substitution of attorneys.*'  [Citation.]"  (*Ellis Law Group, LLP v. Nevada City Sugar Loaf Properties, LLC* (2014) 230 Cal.App.4th 244, 258.)  The inclusion of The Judge Law Firm, ALC in captions as attorney for

_____

9      Bennett requested we strike the respondent's brief signed by Judge for the same reason.  We denied that request.

Cielo means there was no need for Judge to file a substitution of counsel.[10] It also means Judge, who was a principal of the firm, was an attorney of record whose mistake could be considered by the court under section 473, subdivision (b).

Bennett does not challenge the court's conclusion that the reasons Judge offered to demonstrate his mistake were credible, and we have no reason to question this factual finding.[11] (See *Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609 [explaining court orders are presumed correct]; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [order of lower court presumed correct with " '[a]ll intendments and presumptions . . . indulged to support it on matters as to which the record is silent' "].) Extending time to file the motion to tax allowed the court to consider Cielo's substantive attacks. Yet, because Bennett did not file a memorandum of costs, there were effectively no costs to strike or tax. Consistent with this conclusion, we do not reach the substantive questions Bennett raises in her appeal.

---

[10] Judge's name appears on captions dating back to the original complaint. The notice requesting Mangikyan's disassociation was filed July 2, 2021, but it does not indicate on what date Mangikyan left the firm. It simply requested Mangikyan's name be removed, and no further contact be made with him.

[11] Accepting Bennett's argument that the court had no discretion to extend the deadline because of mandatory language in the Rules of Court would mean concluding it likewise did not have discretion to grant Bennett an extension of time to file the memorandum of costs because California Rules of Court, rule 8.278(c)(1) states that the party claiming costs *must* file the verified memorandum within 40 days. Yet, the court granted Bennett an extension of time.

## DISPOSITION

The October 1 and November 12, 2021 orders are affirmed.  Costs are awarded to respondent Cielo on appeal.


HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


DATO, J.