Filed 2/27/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| LANA HARDIE et al.,<br><br>  Plaintiffs and Respondents,<br><br>     v.<br><br>NATIONSTAR MORTGAGE LLC,<br><br>  Defendant and Appellant. | F075858<br><br>(Super. Ct. No. 17CV-01724)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Merced County.  Brian L. McCabe, Judge.

Shapiro, Van Ess, Sherman & Marth and Darlene P. Hernandez for Defendant and Appellant.

No appearance for Plaintiffs and Respondents.

-ooOoo-

In this appeal, we are asked to determine whether a borrower who prevails in obtaining a temporary restraining order enjoining a non-judicial foreclosure sale on certain residential property is a "prevailing borrower" within the meaning of Civil Code section 2924.12, subdivision (h)[1] for purposes of an award of attorney's fees.  While we

___

[1] At the time of the trial court proceedings in this case, the relevant attorney's fee provision was contained in subdivision (i) of section 2924.12.  (Former § 2924.12; Stats. 2012, ch. 87, § 16.)  The identical language is now contained in subdivision (h).  This amendment does not affect our analysis.

conclude attorney's fees are permitted in such circumstances, we conclude the fee request in this case was procedurally defective. Accordingly, we reverse the attorney's fee award and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 5, 2017,[2] Lana and Scott Hardie filed a civil complaint against appellant Nationstar Mortgage LLC ("Nationstar"), New Residential Loan Trust 2016-3 ("New Residential"), and Aztec Foreclosure Corporation ("Aztec"), for violations of Civil Code sections 2923.55 and 2923.6; unfair business practices under Business and Professions Code section 17200, et seq.; and declaratory relief pursuant to Civil Code section 2924.12. The complaint arose out of the Hardies' financing of residential real property, as evidenced by a promissory note signed by the Hardies and secured by a first priority deed of trust in the amount of $355,500 in favor of Community Lending Incorporated. Nationstar was alleged to be the servicer of the loan, New Residential the beneficiary under the deed of trust, and Aztec the trustee.[3] The complaint was duly served on Nationstar, New Residential, and Aztec.

On June 9, the Hardies filed an ex parte application for a TRO, seeking to enjoin a trustee's sale of the property scheduled for June 13. Contained within the accompanying memorandum of points and authorities was a request for attorney's fees and costs in the

---

[2] All references to dates are to dates in 2017.

[3] Nationstar requests that we take judicial notice of a recorded substitution of trustee, two recorded assignments of deed of trust, a recorded notice of trustee's sale, and a joint stipulation and order for continuance that was entered in the trial court. Although we may take judicial notice of the existence, facial contents, and legal effect of recorded documents and court records (Evid. Code, §§ 452, subds. (c), (d), (h); *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 924, fn. 1; *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 264-265, disapproved on other grounds by *Yvanova*, 62 Cal.4th at p. 939, fn. 13), we need not do so to resolve this appeal. The recorded documents merely substantiate facts alleged in the complaint and application for temporary restraining order (TRO), and the continuance set out in the trial court order has expired. Accordingly, the request for judicial notice is denied.

amount of $3,500. The matter was set for hearing on June 12. Nationstar, New Residential, and Aztec were sent notice of the hearing but filed no opposition papers and made no appearance.

At the June 12 hearing, the court announced its tentative ruling to grant the application. Noting, however, that the Hardies had requested attorney's fees, the court stated its understanding that Civil Code section 2924.12 permits attorney's fees only to a party who obtains a preliminary injunction, not a TRO. Counsel for the Hardies did not disagree, stating, "I understand, Your Honor. I believe they've asked for attorney's fees prematurely before." The court went on to state, "Okay. And so it never hurts to ask, but, yeah, I thought they were just a little early. The Court is granting the relief and concurs with the proposed order in this case." The court went on to set a date for a show cause hearing for a preliminary injunction and stated, "Okay. Then I accordingly filled in the blanks on the proposed temporary restraining order, which the Court is granting. I've signed it; I've given it to the clerk. That will be available within 10 minutes at the clerk's office next door."

At that point, the hearing concluded. In a written order, the court granted the TRO and set a show cause hearing for August 14. However, contrary to the court's oral determination that attorney's fees were unavailable, the form order submitted by plaintiffs and signed by the court ordered Nationstar, New Residential, and Aztec to pay attorney's fees in the amount of $3,500 pursuant to Civil Code section 2924.12.

Nationstar brought this timely appeal of the attorney's fees award. No other party has appeared in the appeal.

## DISCUSSION

Nationstar contends Civil Code section 2924.12[4] does not permit an award of attorney's fees to a borrower who prevails in obtaining a TRO and, alternatively, that the

---

[4] All further statutory references are to the Civil Code, unless otherwise noted.

fee request in this case was procedurally defective. While we conclude generally that section 2924.12, subdivision (h) permits an award of fees to a borrower who prevails in obtaining a TRO, we agree with Nationstar that the fee award here must be reversed because the request was not brought in a properly noticed motion. Accordingly, we will reverse the award and remand for further proceedings. On remand, the Hardies may bring a properly noticed motion if they choose.

## I.        Requirement of Noticed Motion

The Hardies' request for attorney's fees was contained within the memorandum of points and authorities submitted in support of their ex parte application for a TRO.

A party may seek statutory attorney's fees as costs through any of four methods: (1) on noticed motion, (2) at the time a statement of decision is rendered, (3) on application supported by affidavit made concurrently with a claim for other costs, or (4) on entry of a default judgment. (Code Civ. Proc., § 1033.5, subds. (a)(10)(B) & (c)(5).) In practice, however, a noticed motion is generally required. (*612 South LLC v. Laconic Limited Partnership* (2010) 184 Cal.App.4th 1270, 1284; Wegner et al., Cal. Practice Guide: Civil Trials and Evidence (The Rutter Group 2018) § 17:693, p. 17-128.) This is because Rule 3.1702 of the California Rules of Court proscribes a noticed motion procedure whenever the court is required to determine whether the requested fee is reasonable or whether the requestor is a prevailing party. (Cal. Rules of Court, rule 3.1702; see 2 Pearl, California Attorney Fee Awards (2018) § 11.26, p. 11-30 ["Unless otherwise provided by statute, a noticed motion is required to claim attorney fees."].)

Section 2924.12, subdivision (h) requires a determination that the borrower is a prevailing party and that the requested fees are reasonable. It contains no statutory exception to the noticed motion requirement. Here, no noticed motion was filed, and the request was contained within a memorandum submitted in support of the ex parte TRO

4.

application.  The grant of fees based on this ex parte request was improper.  The fee award must be reversed.

## II.    Attorney's Fees Under Section 2924.12

Section 2924.12, subdivision (h) provides: "A court may award a prevailing borrower reasonable attorney's fees and costs in an action brought pursuant to this section.  A borrower shall be deemed to have prevailed for purposes of this subdivision if the borrower obtained injunctive relief or was awarded damages pursuant to this section."  Whether the Hardies satisfied the criteria for fees and costs under section 2924.12 is a question of law and statutory construction that we review de novo.  (*Monterossa v. Superior Court* (2015) 237 Cal.App.4th 747, 751 (*Monterossa*).)

The rules governing statutory construction are well settled.  " 'Our fundamental task is to determine the Legislature's intent and give effect to the law's purpose. [Citation.]  We begin by examining the statute's words " ' because they generally provide the most reliable indicator of legislative intent.' [Citation.]  If the statutory language is clear and unambiguous our inquiry ends." ' [Citation]  In that case, the plain meaning of the statute is controlling, and ' " resort to extrinsic sources to determine the Legislature's intent is unnecessary." ' " (*Lopez v. Sony Electronics, Inc.* (2018) 5 Cal.5th 627, 633-634.)  "However, when the language is susceptible of more than one reasonable interpretation, we look to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part." (*Nolan v. City of Anaheim* (2004) 33 Cal.4th 335, 340.)

Section 2924.12 was enacted in 2012 as part of legislation commonly known as the Homeowner Bill of Rights (HBOR).  (Stats. 2012, chs. 86-87; see *Lueras v. BAC Home Loans Servicing, LP* (2013) 221 Cal.App.4th 49, 86 & fn. 14 (*Lueras*).)  The HBOR was intended to address the state's foreclosure crisis and, as relevant here, included a prohibition against "dual tracking" (a process in which a financial institution

5.

pursues foreclosure while a borrower in default simultaneously seeks a loan modification), and expanded the notice required to be given to borrowers before a lender can pursue foreclosure. (*Monterossa, supra,* 237 Cal.App.4th at p. 752; *Lueras, supra,* 221 Cal.App.4th at p. 86, fn. 14.) These provisions are "given teeth by section 2924.12," which provides remedies for violations of these and other provisions. (§ 2924.12, subds. (a), (b); see *Monterossa, supra,* at p. 753.) "The remedies are different, depending on whether a trustee's deed upon sale has been recorded." (*Monterossa, supra,* at p. 753.) More specifically, section 2924.12 provides:

> "(a)(1) If a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17.

> "(2) Any injunction shall remain in place and any trustee's sale shall be enjoined until the court determines that the mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent has corrected and remedied the violation or violations giving rise to the action for injunctive relief. An enjoined entity may move to dissolve an injunction based on a showing that the material violation has been corrected and remedied.

> "(b) After a trustee's deed upon sale has been recorded, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall be liable to a borrower for actual economic damages pursuant to Section 3281, resulting from a material violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17 by that mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent where the violation was not corrected and remedied prior to the recordation of the trustee's deed upon sale. . . ." (§ 2924.12.)

As stated, section 2924.12, subdivision (h) permits a court to award attorney's fees to a "prevailing borrower," and deems a borrower to have prevailed if the borrower "obtained injunctive relief or was awarded damages pursuant to this section." The *Monterossa* court considered whether this language permits an award of attorney's fees to a borrower who has obtained preliminary, as opposed to permanent, injunctive relief. The court concluded such fees are permitted by the plain language of the statute:

"The statute at issue refers to 'injunctive relief,' which plainly incorporates both preliminary and permanent injunctive relief. Nevertheless, the respondent superior court concluded that the phrase 'prevailing borrower ... in an action' suggests the Legislature intended for an award of attorney fees and costs solely at the conclusion of the action, i.e., after a judgment issuing a permanent injunction. However, a preliminary injunction is obtained 'in an action.' And a borrower who obtains a preliminary injunction has prevailed in obtaining 'injunctive relief.' Thus, the plain language of subdivision (i) of section 2924.12 provides for attorney fees and costs to a borrower who obtains a preliminary injunction." (*Monterossa, supra,* 237 Cal.App.4th at pp. 753-754.)

Moreover, the *Monterossa* court concluded that, even assuming some statutory ambiguity, "the language and purpose of the statutory scheme, and its legislative history, demonstrate the Legislature intended to authorize an award of attorney fees and costs when a preliminary injunction issues." (*Monterossa, supra,* 237 Cal.App.4th at p. 754.) The court explained:

"Under this unique statutory scheme, in many cases the best a plaintiff can hope to achieve is a preliminary injunction. 'In deciding whether to issue a preliminary injunction, a trial court weighs two interrelated factors: the likelihood the moving party ultimately will prevail on the merits, and the relative interim harm to the parties from the issuance or nonissuance of the injunction.' [Citation] Where the trial court has found the plaintiff is likely to prevail on the claim of a 'material violation' of one of the provisions enumerated in subdivision (a)(1) of section 2924.12, and accordingly has issued a preliminary injunction, the 'mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent' can expeditiously correct and remedy the violation giving rise to the action for injunctive relief and then move to dissolve the preliminary injunction pursuant to subdivision (a)(2) of section 2924.12. This compliance with the statutory scheme would consequently moot the borrower's request for a permanent injunction. But, given that the borrower has effectively prevailed in the action by obtaining a preliminary injunction forcing compliance with the statute, the Legislature must have intended to authorize an award of attorney fees and costs when a trial court issues a preliminary injunction pursuant to subdivision (i) of section 2924.12." (*Monterossa, supra,* 237 Cal.App.4th at p. 754.)

The court further explained:

7.

> "Our interpretation of the statute as authorizing attorney fees and costs when a borrower obtains a preliminary injunction is further supported by the purpose of the statutory scheme, set out in section 2923.4, subdivision (a): 'The purpose of the act that added this section is to ensure that, as part of the nonjudicial foreclosure process, borrowers are considered for, and have a meaningful opportunity to obtain, available loss mitigation options, if any, offered by or through the borrower's mortgage servicer, such as loan modifications or other alternatives to foreclosure. Nothing in the act that added this section, however, shall be interpreted to require a particular result of that process.' In enacting the statutory scheme, the Legislature mandated a process for fair consideration of options other than foreclosure. As we have explained, when a lender fails to comply with that process, the borrower prevails by obtaining a preliminary injunction requiring the lender to comply with the process. After correcting the error, the lender may move to dissolve the preliminary injunction, and in such cases, there will be no need for a trial regarding a permanent injunction. The Legislature's purpose is fulfilled by providing attorney fees and costs to a borrower who successfully forces the lender to comply with the statutory process by obtaining a preliminary injunction." (*Monterossa, supra,* 237 Cal.App.4th at p. 755.)

Finally, the court reviewed the legislative history of section 2924.12, which confirms the Legislature intended to permit the court to award attorney's fees and costs to a borrower who obtained interim injunctive relief. (*Id.* at pp. 755-756.)

*Monterossa* did not consider whether a borrower who obtains a TRO has prevailed in obtaining injunctive relief within the meaning of section 2924.12. Nonetheless, the reasoning of *Monterossa* applies here. Like the court in *Monterossa*, we conclude the plain statutory language is dispositive of this appeal. The statute permits attorney's fees to a borrower who has prevailed in obtaining "injunctive relief." (§ 2924.12, subd. (h).) The Hardies prevailed in obtaining a TRO, which indisputably is a form of injunctive relief. The statute does not distinguish between temporary, preliminary, and permanent injunctive relief. Thus, under the statute's plain language, attorney's fees are authorized.

Nationstar points out that TROs differ from preliminary injunctions in significant respects: TROs may be issued ex parte and with little notice. Unlike a preliminary injunction, a TRO does not require a full evidentiary hearing giving each party the

8.

opportunity to present arguments and evidence. A TRO does not require a plaintiff to post a bond pending final resolution of the case. A TRO need not be dissolved but terminates automatically when a preliminary injunction is granted or denied. And, issuance of a TRO does not necessarily involve evaluation of the merits of the underlying dispute. However, none of these distinctions were enacted into section 2924.12, subdivision (h). To the contrary, that provision refers broadly to "injunctive relief," without distinction. While these differences may pose sound policy reasons for prohibiting attorney's fees on a TRO application, such determinations are reserved to the Legislature.[5] We do not have authority to question the Legislature's policy choices or contravene its directives. (*De La Torre v. CashCall, Inc.* (2018) 5 Cal.5th 966, 992.)

Furthermore, the temporary nature of a TRO does not compel a contrary result. As explained in *Monterossa*, interim injunctive relief is often "the best a plaintiff can hope to achieve" under the HBOR. (*Monterossa, supra,* 237 Cal.App.4th at p. 754.) Like a preliminary injunction, a TRO affords the " 'mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent' " an opportunity to "expeditiously correct and remedy the violation giving rise to the action for injunctive relief," and thereby may moot the need for further injunctive relief. (*Ibid.*) This would be particularly true where the TRO remains in place for a lengthy period of time by stipulation of the parties, as Nationstar represents occurred here. Under such circumstances, the borrower may successfully force compliance with the required statutory processes without obtaining a preliminary or permanent injunction. It would be contrary to the HBOR's purpose and the Legislature's intent to conclude a borrower who obtained such relief had not prevailed within the meaning of section 2924.12.

---

[5] The same may be said regarding Nationstar's argument that permitting fee recovery for successful TRO applications encourages meritless filings brought solely for the purpose of delay. It is for the Legislature to determine whether this risk overrides other reasoned policy considerations.

Finally, Nationstar suggests that granting attorney's fees on an ex parte TRO application may raise due process concerns. However, these concerns would appear to be alleviated by requiring fee requests to be brought in a noticed motion, as we do here. Nationstar appears to concede as much. Furthermore, the award of attorney's fees under section 2924.12 is discretionary. (§ 2924.12, subd. (h) [fees "may" be awarded].) By permitting, rather than requiring a court to award attorney's fees, section 2924.12 allows courts to avoid awards that would be inequitable or unconstitutional.[6] The ex parte nature of the proceedings, the relative merits of the TRO application, and a party's ultimate ability to obtain statutory compliance through imposition of an injunction are relevant factors the court may consider in determining whether to award fees.

Based on the foregoing, we conclude section 2924.12, subdivision (h) authorizes a court, in its discretion, to award attorney's fees to a borrower who prevails in obtaining a TRO. However, because the instant fee request was not properly noticed, we must reverse.

## DISPOSITION

The award of attorney's fees in the court's June 12, 2017 order is reversed. The matter is remanded to the trial court for further proceedings as discussed herein. Nationstar shall bear its own costs on appeal. (Cal. Rules of Court, Rule 8.278(a)(5).)

---

[6] In the instant case, the trial court's oral pronouncement that fees were unavailable conflicts with the simultaneously-issued written order granting fees. While the written order is controlling (see *Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233, 1238 [final order supersedes tentative ruling]; *Jespersen v. Zubiate–Beauchamp* (2003) 114 Cal.App.4th 624, 633 ["[A] judge's comments in oral argument may never be used to impeach the final order, however valuable to illustrate the court's theory they might be under some circumstances."]), the conflict nonetheless raises substantial doubt as to whether the court indeed exercised its discretion to award attorney's fees here.

                                      _____

                                                 SNAUFFER, J.

WE CONCUR:


_____

FRANSON, Acting P.J.


_____

SMITH, J.