Filed 3/17/26  George v. Hartman CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| KOSHY PUTHUKKERIL GEORGE, | H052049, H052217, H052218 |
| Respondent, | (Santa Clara County |
| | Super. Ct. No. 21CH010234) |
| v. | |
| ERIC FLOYD HARTMAN, | |
| Appellant. | |

In these three appeals, Eric Floyd Hartman appeals from the trial court's order on respondent Koshy Puthukkeril George's motion for recovery of attorney fees and costs.[1] Mr. George requested the fees for prevailing on a request to modify a civil harassment restraining order (CHRO) and a request to renew the CHRO in the trial court, in addition to an appeal regarding the granting of the CHRO.  Mr. Hartman contends the court lacked jurisdiction to rule on fees in connection with the appeal because the remittitur had not issued when Mr. George filed the motion for fees, and he argues the motion was premature or untimely as to the other fees requested.  Mr. Hartman also argues Mr. George did not comply with the required procedure to claim costs.

We conclude no procedural deficiencies precluded the trial court from awarding all fees requested.  However, because we reversed the underlying order on the request to renew the CHRO in a separate appeal (H051697), we now reverse the award of fees in

---

[1] On our own motion, we ordered appeal Nos. H052049, H0502217, and H052218 to be considered together for briefing, oral argument, and disposition.

connection with that order. We also reverse the award of costs because Mr. George did not file a memorandum of costs. The order for fees is otherwise affirmed.

## I. PROCEDURAL HISTORY[2]

The litigation in this case stems from a CHRO requested by Mr. George and entered against Mr. Hartman in 2021. The proceedings in this action have given rise to a number of appeals filed by Mr. Hartman. Of those prior appeals, four are relevant to the current appeal. In appeal Nos. H049735 and H049886, Mr. Hartman appealed from the trial court's order granting the petition for the CHRO and from a separate order granting attorney fees. (*George v. Hartman* (Nov. 9, 2023, H049735, H049886) [nonpub. opn.].) We affirmed the orders and awarded costs on appeal to Mr. George. In appeal No. H050941, Mr. Hartman appealed from the trial court's order granting Mr. George's request to modify the CHRO. (*George v. Hartman* (Dec. 26, 2024, H050941) [nonpub. opn.].) We affirmed the order and awarded costs on appeal to Mr. George. In appeal No. H051697, Mr. Hartman appealed from the trial court's order granting Mr. George's request to renew the CHRO. (*George v. Hartman* (Nov. 26, 2025, H051697) [nonpub. opn.].) We concluded the trial judge had previously been disqualified due to a peremptory challenge. We therefore reversed and remanded for a new hearing in front of a different judge, and we awarded costs on appeal to Mr. Hartman.

On January 2, 2024, Mr. George filed a motion for attorney fees pursuant to Code of Civil Procedure sections 527.6, subdivision (s) and 1033.5 for prevailing on motions in the trial court and for prevailing on appeal. He sought fees in the total amount of $56,380 and costs of $3,305.25.

The matters for which Mr. George requested fees included the trial court proceedings (but not the appellate proceedings) for the motion to modify his restraining

---

[2] We omit the underlying factual allegations, which are not material to Mr. Hartman's appeals.

order against Mr. Hartman and the motion to renew the restraining order in the trial court. He also requested fees for prevailing in appeal Nos. H049735 and H049886, which were considered together. The specific amounts requested for the three matters were as follows: (1) amended restraining order: $15,507.50 in fees; (2) renewed restraining order: $3,845 in fees and $2,355.15 in costs; (3) appellate fees for appeal Nos. H049735 and H049886: $34,227.50 in fees and $920.10 in costs. Mr. George also requested fees for the preparation of the fees motion in the amount of $2,800 plus costs approximated to be $30.[3]

Mr. Hartman filed an opposition to the motion on January 24, 2024, arguing that the motion was untimely as to the fees requested on the trial court motions. He argued further that the request for costs must be denied for failure to file a memorandum of costs. Lastly, he argued the appellate fees and costs were required to be denied because the motion for fees was prematurely filed before the issuance of a remittitur from this court. Mr. George disputed these arguments in his filed reply.

The trial court heard the motion on February 6, 2024. Mr. Hartman did not make an appearance. The court issued an order on February 16 awarding the full amount of requested fees and costs.

Mr. Hartman timely appealed from the order, but filed three separate appeals.[4] The notice of appeal (NOA) for appeal No. H052049 states that it is from the fee order, but only as to appeal Nos. H049735 and H049886. The NOA for appeal No. H052217 states that it is from the fee order, but only as to appeal No. H051697. The NOA for

---

[3] Mr. Hartman raises no argument specific to the fees and costs for the motion for fees; consequently, we do not address them in this opinion.

[4] In his reply briefs, Mr. Hartman contends Mr. George's "impermissive consolidation [of] all [**t]hree (3)** legal arguments and issues has resulted in obfuscation (total) of the **three (3) separate independent [a]ppeals** (Law and Facts)…." We observe that, although Mr. Hartman takes issue with the "consolidation" of the "separate independent [a]ppeals," all three of Mr. Hartman's opening briefs are identical.

appeal No. H052218 states that it is from the fee order, but only as to appeal No. H050941. In June 2024, this court sent a letter to the parties to confirm that the court had assigned each NOA to a separate appellate case number using the information provided in the NOAs. To the extent there are discrepancies in the parties' briefs regarding which appeal encompasses each argument, we will use the appeal assignments as they were set forth in the letter and in the NOAs, and we note that, in any event, all issues are addressed in this opinion.

## II.     DISCUSSION[5]

Although Mr. Hartman has filed three appeals, each of them arises from the same order on the motion for recovery of attorney fees and costs. Mr. Hartman does not challenge the amount of any fees or costs requested and awarded. His arguments are all based on procedural issues by which he contends the motion should have been denied in its entirety. As we will discuss, Mr. Hartman's procedural arguments largely lack merit. However, we will reverse as to the fees for the motion to renew the CHRO because we reversed the underlying order in a separate appeal. We also reverse the award of costs because the record does not demonstrate that Mr. George ever filed a memorandum of costs.

### A.     *Legal Principles*

Code of Civil Procedure section 527.6, subdivision (s) provides that the prevailing party in an action brought pursuant to that section "may be awarded court costs and attorney's fees." A trial court's determination as to these fees generally "must be upheld unless there is a manifest abuse of discretion." (*Elster v. Friedman* (1989) 211 Cal.App.3d 1439, 1443.) However, where the question "involves the application of statutes and court rules to undisputed facts concerning the nature of the fees requested

---

[5] Mr. George filed a motion to augment the record on appeal with the order granting the request to renew the CHRO. This order is already in the record. Accordingly, we deny the motion to augment.

4

and the timing of the fee[] request[s]," we review it de novo.  (*Highland Springs Conference & Training Center v. City of Banning* (2019) 42 Cal.App.5th 416, 423.)

**B.      *Appeal No. H052049***

Mr. Hartman argues the trial court had no jurisdiction to rule on the motion for fees with regard to the fees requested by Mr. George for prevailing in appeal Nos. H049735 and H049886 because Mr. George filed the motion before this court issued its remittitur.

"As a general rule, 'the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from....'  [Citation.]  Thus, generally, the taking of an appeal by the filing of the notice of appeal deprives the trial court of jurisdiction of the cause and vests jurisdiction with the appellate court until issuance of a remittitur by the reviewing court.  [Citations.]  When the remittitur issues, the jurisdiction of the appellate court terminates and the jurisdiction of the trial court reattaches.  [Citation.]"  (*Andrisani v. Saugus Colony Limited* (1992) 8 Cal.App.4th 517, 523.)

Mr. George filed his motion for fees on January 2, 2024.  This court issued remittiturs for appeal Nos. H049735 and H049886 on January 9, 2024.  Mr. Hartman is therefore correct that Mr. George prematurely filed the motion for fees.  Mr. Hartman does not, however, establish the significance of this fact.

"Until the remittitur issues, the trial court cannot act upon the reviewing court's decision.  [Citations.]"  (*In re Anna S.* (2010) 180 Cal.App.4th 1489, 1500.)  But this does not mean that the trial court cannot act *after* the issuance of the remittitur.  The trial court heard the motion on February 6, 2024, and issued the order granting the fees on February 16, 2024.  On both of those dates, jurisdiction had already reverted to the trial court through issuance of the remittitur.[6]

---

[6] We acknowledge that "[t]he order of the reviewing court is contained in its remittitur, which defines the scope of the jurisdiction of the court to which the matter is

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.]" (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) "To demonstrate error, [an] appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.]" (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) "When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived. [Citations.]" (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785.) "We are not bound to develop [an appellant's] arguments for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contentions as waived. [Citations.]" (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830 (*Marriage of Falcone & Fyke*).)

Mr. Hartman cites no authority supporting the proposition that a trial court lacks jurisdiction to rule on a motion after a remittitur issues solely because the motion was filed before the remittitur. As the appellant, it was his burden to do so. In fact, Mr. Hartman concedes that "[i]ssuance of a remittitur terminates the appellate court's jurisdiction over the case and revests jurisdiction in the trial court."

To the extent Mr. Hartman otherwise finds fault with the early filing of the motion, he does not contend on appeal that he did not receive notice of the motion or otherwise assert how he may have been prejudiced. In his January 2024 opposition to the motion in the trial court, Mr. Hartman stated he was prejudiced because "the applicable

returned." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 701.) But as we have noted, at the time the trial court ruled on the motion for fees and costs, the remittitur, including any directions, had issued and jurisdiction had been restored to the trial court.

and relevant timely cut off dates are all **'off'** and denie[d] Appellant Hartman's right to mandatory procedural due process of law" and prevented him "from responding as a matter of law." Mr. Hartman provided no explanation of how he was prevented from responding (despite filing an opposition) or why he could not have asked for a continuance if he believed he needed additional time. Where a prematurely filed motion for attorney fees neither misleads nor prejudices the other party, the motion is " 'to be liberally construed in favor of its sufficiency.' " (See *Yuba Cypress Housing Partners, Ltd. v. Area Developers* (2002) 98 Cal.App.4th 1077, 1086.) We therefore conclude the trial court did not lack jurisdiction and was not precluded from ruling on the motion.

**C.** *Appeal No. H052217*

Appeal No. H052217 arises from the trial court's order renewing the civil harassment restraining order. Mr. Hartman argues that Mr. George had 60 days from the order renewing the restraining order to file the claim for attorney fees, but did not do so.

We need not reach the substantive merits of Mr. Hartman's argument because we reversed the order renewing the CHRO in appeal No. H051697. "An order awarding attorney fees ' "falls with a reversal of the judgment on which it is based." ' [Citation.]" (*Gunther v. Alaska Airlines, Inc.* (2021) 72 Cal.App.5th 334, 358.) Accordingly, the order granting attorney fees must be reversed to the extent it encompasses fees incurred in connection with the motion to renew the CHRO.

**D.** *Appeal No. H052218*

As part of the motion for attorney fees, Mr. George sought fees for the trial proceedings in which he prevailed on his motion to modify the existing civil harassment restraining order. Mr. Hartman argues that Mr. George had 60 days from the date of the

7

February 14, 2023, order granting the modification of the restraining order, and the motion for fees—which was filed on January 2, 2024—was therefore untimely.[7]

Generally, a notice of motion for attorney fees must be served and filed within the time for filing an appeal. (Cal. Rules of Court, rule 3.1702.) The normal time to file an appeal is 60 days after the party filing the NOA is served with the Notice of Entry or 180 days after entry of judgment. (Cal. Rules of Court, rule 8.104(a)(1).) Under either option, Mr. George filed the motion for fees late.

However, "[f]or good cause, the trial judge may extend the time for filing a motion for attorney's fees in the absence of a stipulation or for a longer period than allowed by stipulation." (Cal. Rules of Court, rule 3.1702(d).) "Rule 3.1702(d) is 'remedial' and is to be given a liberal, rather than strict interpretation. [Citation.]" (*Lewow v. Surfside III Condominium Owners Assn., Inc.* (2012) 203 Cal.App.4th 128, 135.) "It is the well-recognized policy of the law to liberally construe remedial statutes designed to protect persons within their purview, and the modern trend of judicial decisions favors granting relief unless absolutely forbidden by statute." (*Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1778.) With regard to Rule 3.1702(d), a trial court has "considerably more latitude" in granting an extension of time than it would even "in granting relief from a 'judgment, dismissal [or] order' under Code of Civil Procedure, section 473, subdivision (b)." (*Robinson v. U-Haul Co. of California* (2016) 4 Cal.App.5th 304, 327.)

We have no reporter's transcript reflecting what occurred at the hearing on the motion for attorney fees and we therefore do not know whether there was any discussion

---

[7] Mr. Hartman also appears to argue that the trial court had no jurisdiction to rule on the motion for fees in connection with the motion to modify the CHRO because the motion for fees was filed before issuance of the January 9, 2024, remittitur. The January 9 remittitur was not for the appeal from the order granting the modification of the CHRO and Mr. Hartman provides no further explanation or argument regarding this point other than the blanket statement that the court had no jurisdiction. We consider this argument forfeited. (*Marriage of Falcone & Fyke*, *supra*, 164 Cal.App.4th at p. 830.)

regarding an extension of time for the motion for fees, or whether the trial court considered some other ground for finding the motion timely. When the record is incomplete, we construe it against the appellant. (*Sutter Health Uninsured Pricing Cases* (2009) 171 Cal.App.4th 495, 498.) Further, under the doctrine of implied findings, we are required "to infer the trial court made all factual findings necessary to support the judgment. [Citation.]" (*Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 58.) We therefore must conclude that, either implicitly or explicitly, the trial court found good cause had been shown for the court to exercise its considerable discretion to extend the time to file the motion.[8]

## E.      *Costs*

California Rules of Court, rule 3.1700(a)(1) provides that "[a] prevailing party who claims costs must serve and file a memorandum of costs within 15 days after the date of service of the notice of entry of judgment…." Similarly, California Rules of Court, rule 8.278(c)(1) states that "[w]ithin 40 days after issuance of the remittitur, a party claiming costs awarded by a reviewing court must serve and file in the superior court a verified memorandum of costs under rule 3.1700." Mr. Hartman argues Mr. George failed to comply with these procedures. The record does not show that Mr. George filed a memorandum of costs and he does not assert that he filed one. Mr. George argues only that no memorandum of costs was necessary because attorney fees may be requested by noticed motion.

With regard to attorney fees, Mr. George is correct that a memorandum of costs is not necessary. (See *Hardie v. Nationstar Mortgage LLC* (2019) 32 Cal.App.5th 714, 720 [a noticed motion is generally required to seek attorney fees]; see also *Kaufman v. Diskeeper Corp.* (2014) 229 Cal.App.4th 1, 8 ["rule 3.1702 [for claiming attorney fees]

---

[8] We observe that the order granting modification of the CHRO was on appeal from April 2023 until February 2025, when the remittitur issued.

9

imposes no requirement that a memorandum of costs be filed"].)  But Mr. George also sought and was awarded costs, and a memorandum of costs is required for such a request.  (*Oak Grove School Dist. of Santa Clara County v. City Title Ins. Co.* (1963) 217 Cal.App.2d 678, 697 ["The requirement is imposed upon the party who is entitled to costs that he file a memorandum of the items of his costs and disbursements [citation] and if he fails to do so he is deemed to have waived the costs accruing in his favor. [Citation.]"].)

When a party does not file a memorandum of costs, the opposing party loses the opportunity to challenge claimed costs by moving to tax them.  Although some courts have held that the timing requirements for filing the memorandum of costs are flexible (see *Haley v. Casa Del Rey Homeowners Assn.* (2007) 153 Cal.App.4th 863, 880 ["time limitations pertaining to a memorandum of costs are not jurisdictional"]), a party seeking costs still must file a memorandum of costs and cannot fail to do so entirely.  (See *Hydratec, Inc. v. Sun Valley 260 Orchard & Vineyard Co.* (1990) 223 Cal.App.3d 924, 929 ["if the claimant fails to present a cost bill, a waiver of the right to costs results."]; see also *Russell v. Trans Pacific Group* (1993) 19 Cal.App.4th 1717, 1726 ["We agree the cost procedure requirements are mandatory, and therefore the trial court does not have discretion to disregard noncompliance."].)  We conclude Mr. George's failure to file a memorandum of costs resulted in a forfeiture of the right to recover the requested costs, and we reverse as to the costs awarded by the trial court.

### III.   DISPOSITION

The February 16, 2024, Order on Petitioner's Motion for Recovery of Attorney's Fees and Costs is reversed with regard to attorney fees awarded in connection with the motion to renew the CHRO ($3,845) and with regard to costs awarded ($3,275.25).  The order is otherwise affirmed.  In the interests of justice, the parties shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)

_____
                    KULKARNI, J.*

WE CONCUR:

_____

GREENWOOD, P. J.

_____

DANNER, J.

*George v. Hartman*
H052049, H052217, H052218

_____
\* Judge of the Santa Clara County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.